## W. H. HOWARD v. JOHN W. MAYHER ET AL.

### Decided May 24, 1905.

**1.—Homestead—Judgment Lien—Sale—Proceeds.**

Where husband and wife sold their homestead, the latter joining in the deed on the understanding that the proceeds in cash be paid to her and the notes for deferred payments secured by express lien be made payable to her, in settlement of a debt to her separate estate from the community, which was done, neither the purchase money notes remaining in her hands nor the superior legal title remaining in the vendors till their payment, could be subjected, by a proceeding in equity, to the liens of judgments recovered against the husband and duly registered before such sale, though such proceeds were not devoted, within six months from the sale, to acquiring a new homestead.

**2.—Same.**

So long as the homestead continued, and was not abandoned during the ownership of the husband and wife, no rights were acquired against it by the judgment lien, which was no impediment to a valid sale by the parties asserting the homestead right; and the purchaser, if he acquired the property at a time when the homestead right existed, received it unaffected by the lien, the holder of which had no interest in the homestead so long as that right existed.

Appeal from the District Court of Bowie County. Tried below before Hon. S. P. Pounders.

*Chas. S. Todd,* for appellant.—The judgment liens owned by appellant, attached to the property immediately upon the registration of the abstracts subject only to the homestead exemptions; and upon the cessation of such exemption by voluntary sale by DeMorse and wife to Mayher, the interest retained by the vendors DeMorse and wife and the proceeds of the sale became *eo instanti* charged with said liens, subject then to defeasance only by the application of the proceeds of the sale to the acquisition of another homestead within six months after such sale; said liens were superior to the claims or debts of unsecured creditors; and Mrs. DeMorse holds the notes, the proceeds of the sale,

and the superior title to the lots, charged with and subject to said judgment liens. A judgment lien attaches to a homestead, subject only to the homestead exemption. It is in abeyance while the exemption exists, but is immediately effective when the exemption ceases. Marks v. Bell, 31 S. W. Rep., 701; Glasscock v. Stringer, 33 S. W. Rep., 677. A statutory lien will follow and attach to the proceeds of the sale of property encumbered by such lien, when title to the property has passed by a sale. Chapman v. Sneed, 17 Texas, 428; Ghio v. Shutt, 78 Texas, 375; Betterton v. Epstein, 78 Texas, 449; Lockett v. Robinson, 20 Law Rep. Am., 67. Before the enactment of article 2396, Revised Statutes, the proceeds of the sale of the homestead were not exempt. Whittenberg v. Lloyd, 49 Texas, 641; Cameron v. Fay, 55 Texas, 62; Chamberlin v. Leland, 94 Texas, 502. Article 2396, Revised Statutes, fixes a period—six months—during which the proceeds of the sale of the homestead are exempt, for the purpose of acquiring another home; after the lapse of that time such proceeds cease to be exempt. The sale to Mayher being executory, and Mrs. DeMorse, being owner and holder both of the vendor's lien notes and the superior title, has such interest in and title to the land as that a judgment lien will attach to it. It is "real estate" within the meaning of the statute. Rev. Stats., art. 3289. Judgment lien holder may sue in equity to subject property to judgment lien: Lynn v. LeGierse, 48 Texas, 138; Gaines v. National Ex. Bank, 64 Texas, 18; Cassaday v. Anderson, 53 Texas, 536. When judgment debtor is dead, after having sold the land, judgment lien creditor must sue in District Court to subject land, and can not proceed in Probate Court. Jackson v. Butler, 47 Texas, 427; Schmeltz v. Garey, 49 Texas, 49; Bradford v. Knowles, 86 Texas, 508. Mrs. DeMorse being a simple unsecured creditor of her husband, the judgment lien debt takes precedence and she could only hold subject to the lien. This is elementary.

The simple question here is, can a judgment debtor defeat a judgment lien creditor by a sale of the homestead for the purpose of paying a preferred unsecured creditor with the proceeds of such sale? My contention is that he can not; that the judgment lien is a fixed and vested charge defeasible only by the homestead exemption itself while it exists; and is superior to the claims of general unsecured creditors. If I am correct in these contentions the court below erred in directing a verdict for defendants, but should have instructed the jury to find for the plaintiff; and this court ought to reverse the judgment and here render judgment subjecting the notes and Mrs. DeMorse's right and interest in the land to the judgment lien debt.

*Glass, Estes & King,* for appellees.—The statute gives a lien on real estate alone, and can not be stretched by construction to cover evidences of debt, secured by a lien on real estate, such as vendor's lien notes, or the defeasible title held by vendors to secure deferred payments of the purchase money, evidenced by vendor's lien notes. The lots on which the vendor's lien was retained by the notes in controversy, being the homestead of the vendors at the time of their sale, and the notes taken in payment therefor having been turned over to appellee, M. L. DeMorse, within six months after the sale of the homestead

in part payment of the debt then due by L. C. DeMorse, the judgment debtor, appellant is not entitled to have said notes subjected to the judgment lien claimed by him, or to the payment of his claim. Appellant in no event would be entitled to recover on the judgment for $1,418.15, rendered in the District Court of Galveston County, because he failed to show that at the time of the institution of his suit in this case he had any lien by virtue of the recording of an abstract of said judgment in Bowie County. Sayles' Stat., art. 3289; McDannel v. Ragsdale, 71 Texas, 23; Hargadene, etc., v. Whitfield, 71 Texas, 488; P. J. Willis & Bros. v. Mike, 76 Texas, 82; Lewis v. Goldthwaite Nat. Bank, 10 Texas Ct. Rep., 626; Burnham v. McMichael, 6 Texas Civ. App., 496; Sayles' Stat., art. 3290; Boyd v. Ghent, 95 Texas, 46.

Even if it were the law that notes representing the purchase price of land could be subjected to judgment liens, appellant in this case would have no right to subject the notes turned over to and paid to Mrs. DeMorse on the debt due to her by her husband, to the judgment lien claimed, because at the time of the sale of the lots, they were exempt, and at the time the notes involved in this suit were taken and turned over to Mrs. DeMorse, they too were exempt, and no creditor of the said L. C. DeMorse would have had a legal right to interfere in any way with his use of the notes, in payment on his debt to her; and as her separate property they have never been subject to the lien of a judgment against her husband. But even if the exemption statute did not apply to the notes, appellant having no lien on the notes, would have no right to subject them to his debt, because they were turned over to appellee M. L. DeMorse by her husband L. C. DeMorse, as one of his creditors, immediately upon their execution,· as a payment on a valid and subsisting debt, to be her separate property, and thereafter were not subject to the debts of any other creditors holding claims against her husband.

FISHER, CHIEF JUSTICE.—Appellant as the owner of two judgments against L. C. DeMorse, which had been recorded in Bowie County, brought this suit against the appellees to subject certain real property or the proceeds of the sale thereof in the shape of vendor's lien notes to the payment of the judgments. After hearing the evidence the court below directed a verdict for the appellees.

The facts substantially, are as follows: On May 7, 1894, in the Justice's Court of Galveston County, Texas, a judgment was rendered in the case of Leon & H. Blum against L. C. DeMorse for the sum of $169.50, with interest at the rate of ten percent from date of judgment. May 18, 1894, execution issued upon that judgment and returned no property found. April 19, 1898, this judgment was transferred and assigned to the appellant W. H. Howard. This judgment was recorded and abstracted in Bowie County May 7, 1899. On the 22d day of December, 1892, Leon & H. Blum recovered a judgment against L. C. DeMorse for the sum of $1,418.15 with ten percent interest per annum from date of judgment. April 18, 1898, this judgment was transferred and assigned to appellant W. H. Howard. This judgment was also recorded and abstracted in Bowie County.

The plaintiff admitted the following facts pleaded by the appel-

lees: That the appellee Mrs. M. L. DeMorse married L. C. DeMorse on the 3d of January, 1869; that at the time of her marriage she was possessed of a large amount of money and property, both real and personal, having inherited the same from her father; that after their marriage she loaned her husband large sums of money, and advanced him a large amount of property, which he promised to pay with interest; that in such manner he was indebted to her on or before the 26th day of November, 1900, in various sums, aggregating about $20,000; that during his lifetime he offered and promised to pay her back, and at the time of his death he was still largely indebted to her; that since their marriage they have lived together as husband and wife until the death of L. C. DeMorse, which occurred on the 6th day of May, 1902; that they became the owner of the lands and property described in plaintiff's original petition, situated in Texarkana, Bowie County, Texas, prior to the month of October, 1888, and during the summer and fall of that year they erected a residence upon the lots and lived in and occupied the same as their homestead, from that time up to and including the date of the sale of the same to the defendant John W. Mayher; that during all that time to the date of the sale of the same to Mayher, the property was their homestead and was used by them as such; that in the summer or fall of 1900 the codefendant John W. Mayher proposed to buy their homestead, and that appellee Mrs. M. L. DeMorse would not agree to the sale of the same unless her husband L. C. DeMorse would have the proceeds and the notes taken to secure the purchase price for the same made to her, and turned over to her and paid to her in part on the debt which her said husband then owed her; that during the pendency of the trade with Mayher, and while it was being made, her husband L. C. DeMorse agreed with her that when the homestead was sold to Mayher the proceeds and notes would be turned over to her and paid to her in part payment on the debt that he owed her; that thereupon she joined with her husband in the sale of the homestead to the defendant Mayher, and executed and delivered to him a warranty deed conveying the same, and her husband procured from Mayher the proceeds that were paid in cash, and the notes that were given to secure the balance of the purchase money were made payable to the appellee Mrs. M. L. DeMorse and turned the proceeds and notes over to her, and paid them to her immediately upon the execution of the deed in part payment of the debt that he then owed her, and delivered the proceeds and the notes over to her to become her separate and individual property; that ever since that time she has owned and held the notes, with the exception of the two that have been paid, as her separate individual property and in her own right; that the proceeds and the notes taken to secure the purchase money due by Mayher on the homestead were turned over and delivered and paid to her in the month of November, 1900, and that the proceeds and notes were exempt and not subject to the payment of the judgment sued on by the plaintiff in this case.

Upon the evidence as stated as above said the trial court peremptorily instructed a verdict in favor of appellees.

Appellant assigns the following error: "The court erred in directing

the jury to return a verdict in favor of the defendants for the following reasons, to wit:

"1. The evidence introduced by the plaintiff was sufficient to entitle him to a recovery of a decree subjecting the unpaid vendor's lien notes in the possession of Mrs. M. L. DeMorse to the judgment lien held and proved by plaintiff.

"2. The evidence introduced by the plaintiff entitled him to a decree subjecting to the payment of his judgment lien the superior legal title remaining in Mrs. M. L. DeMorse, by reason of the express reservation of the vendor's lien contained in the deed from DeMorse and wife to Mayher.

"3. The facts shown by the defendant Mrs. M. L. DeMorse and admitted by the plaintiff, are not sufficient in law to constitute any defense to plaintiff's cause of action, because immediately upon the sale of the property by DeMorse and wife to Mayher the liens of the judgments held by the plaintiff attached *eo instanti* to the interest in said land remaining in the vendors subject to a defeasance only by application of the proceeds of the sale to the acquisition of another homestead within six months of said sale. The said proceeds not having been so applied within said time, the said judgment lien became absolute from the time of the sale, and constituted a charge, which was paramount to the claim of the defendant M. L. DeMorse as an unsecured creditor, and she took said notes and retained the legal title to said land subject to a charge for the payment of said judgment lien."

None of these objections to the judgment, in our opinion, are well taken. It may be conceded that the appellant was a judgment lien creditor of L. C. DeMorse at the time that the homestead was sold, but so long as the homestead continued and was not abandoned during the ownership of L. C. DeMorse and his wife, no rights were acquired against it by virtue of the judgment lien. The judgment lien was no impediment to a valid sale by the parties asserting the homestead right to a purchaser; and such purchaser, if he acquired the property at a time when the homestead right existed, would receive it unaffected by the judgment lien that might exist generally against the real estate of the debtor in the county where the judgment is properly recorded.

Furthermore, as we understand in the brief of the appellant, the purpose is not to assert and foreclose a lien against the property itself, but the object is to subject the vendor's lien notes outstanding to the lien, claim and demand of the appellant. We do not think it was the purpose and intention of the registration statute to create a lien against the proceeds of the sale of property, but to create and preserve a lien against the property itself. While it is true, cases might arise in which a court of equity would permit the proceeds of the sale of property against which a lien existed to be subjected to the payment of the claim of the lien creditor, we are of the opinion that the pleadings of the appellant do not make a case of this character. But, however, this particular question is not necessary to be decided in the view that we take of the case. The appellant as a creditor of L. C. DeMorse had no interest whatever in the homestead, as long as that right continued; and Mrs. DeMorse, upon the sale of the same was not required to part with her interest therein without the husband complying with the agree-

ment that she should receive the proceeds in payment of the debt that he owed her. The facts admitted conclusively show that she only agreed to sell, and did sell upon the express understanding that the proceeds of the sale should be turned over to her, and the vendor's lien notes, which the appellant is now seeking to subject to his debt, should be executed and made payable to her in part payment of the debt due to her from her husband in her separate right. The sale when made was upon this condition, and it took effect immediately upon the consummation of the sale, and whatever rights as a judgment lien creditor the appellant might have had in the property, if any at all, were subject to the contract upon which the sale was based.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.