**HINER et ux. v. MEYER.**

**No. 3786.**

Court of Civil Appeals of Texas. Texarkana. Jan. 29, 1930.

Rehearing Denied Feb. 20, 1930.

I. C. Underwood, of Marshall, for appellants.

Rowell & Rowell, of Jefferson, for appellee.

HODGES, J.

This suit was filed by the appellee, Meyer, against the appellants, John Hiner and wife, to recover title and possession of ninety-five acres of land situated in Marion county. As evidence of title, Meyer relied on a general warranty deed executed by Hiner and wife October 26, 1926, conveying the land to him. The deed recited a consideration of ten dollars cash and the cancellation of two vendor's lien notes of one hundred ninety-five dollars and ninety-nine cents each, with accumulated interest, and the cancellation of a debt of three hundred sixteen dollars and sixty-seven cents due from Hiner to Meyer on a store account. The deed was properly acknowledged, and was recorded on November 4, 1926. As a defense to the suit, Hiner and wife pleaded that the conveyance to Meyer was executed as a mortgage to secure an alleged indebtedness, and that the land described was their homestead at the time the deed was signed by them. They further pleaded that the deed was without consideration and void, and asked that it be canceled as a cloud on their title.

The court submitted two issues to the jury. The first was: "Do you find and believe from the evidence that the deed from Hiner and wife to Meyer, and offered in evidence in this case, was intended by Hiner and wife to be a mortgage and as security for debt; or was said deed intended by Hiner and wife to be an absolute conveyance of the title to the land in controversy?" To this the jury answered that the deed was intended as an absolute conveyance of title to the land. The other issue related to the rental value of the land, which is not involved on this appeal.

■ The main contention here made is that the finding of the jury was against the weight of the evidence. After a careful examination of the record, we have reached the conclusion that there was ample testimony to support the finding of the jury. Meyer and the notary who took the acknowledgment of Hiner and wife both testified, in substance, that it was understood and agreed between the parties at the time the deed was executed that it was to be an absolute conveyance in satisfaction of the indebtedness which Hiner owed Meyer. Hiner and his wife testified to the contrary. That made an issue for the jury. We cannot say that the jury erred in accepting as true the version of the transaction given by Meyer and his witness.

■ Appellants requested the court to submit several special issues. Some of those issues were covered by that which the court did submit; the others, we think, were immaterial. If the deed to Meyer was intended as an absolute conveyance of the property, it is immaterial that the land was the homestead of the appellants at the time it was executed. While the owners of a homestead cannot mortgage it as security for a debt, they have a perfect right to convey it in satisfaction of an existing debt. It appears from the evidence that the principal part of the debt claimed by Meyer against Hiner consisted of some vendor's lien notes which he had purchased from Hiner's grantor. According to Meyer's testimony, those were valid obligations, purporting to be a lien against the land. The evidence further shows that there was an incumbrance held by the Federal Land Bank of $500 against the land, and that Meyer took the deed subject to that incumbrance. While there is no evidence showing what the value of the land was at the time it was conveyed to Meyer, the record does show that the original purchase price was $1,000, a little more than $10 an acre.

There is no evidence that there was any change in the value at the time of this transaction between Meyer and Hiner. The controlling issue in the case was passed upon by the jury; and, there being sufficient evidence to support the verdict, we conclude that the judgment should be affirmed.