### HINER et ux. v. MEYER.
### No. 1485—5751.

Commission of Appeals of Texas, Section A.

Jan. 6, 1932.

I. C. Underwood, of Marshall, for plaintiffs in error.

Rowell & Rowell, of Jefferson, for defendant in error.

CRITZ, J.

Simply stated, the facts of this case are as follows:

Eugene Meyer, Sr., held two notes executed by John Hiner which were secured by a purported lien on 95 acres of land in Marion county, Tex. The land in question was the homestead of Hiner and wife, and the lien was created in such a way and for such consideration as to render it void under the Constitution and laws of this state as between Hiner and wife, and one T. W. Shackelford, the original payee. Eugene Meyer, Sr., became the purchaser of these notes and the lien securing same under such circumstances as to charge him with notice of the invalidity of the lien. As we understand the record the debt secured by the notes was a valid one.

On October 26, 1926, John Hiner and wife, by general warranty deed, conveyed the above land to Meyer for a recited cash consideration of $10, and the cancellation of certain indebtednesses due by Hiner to Meyer; the indebtednesses consisted of the two notes above mentioned, and a store account of several hundred dollars. This suit was filed in the district court of Marion county, Tex., by Eugene Meyer, Sr., against John Hiner and wife to recover the title and possession of the above land. The deed above mentioned constitutes the basis of Meyer's suit. Trial before a jury in the district court resulted in a verdict and judgment for Meyer. On appeal this judgment was affirmed by the Court of Civil Appeals. 25 S.W.(2d) 196. The case is in the Supreme Court on writ of error granted on application of Hiner and wife.

The case is presented in the Supreme Court by Hiner and wife under several assignments of error, but all of them are to the effect that since the lien which purported to secure the notes held by Meyer was void the conveyance made on consideration of the cancellation of such notes was also void. This contention must be overruled. It is true that any attempt to create a lien on a homestead in

violation of the Constitution and laws of this state is invalid, but it is not true that the mere fact that the lien is invalid renders the debt purported to be secured thereby also invalid. On the other hand, the note may represent a perfectly legal obligation to pay, while the contract attempting to create a lien to secure the same is invalid. As shown by this record, we have such a case here; that is, we have a valid debt, but a void lien.

The deed, on its face, conveys to Meyer the fee-simple title to the land. The consideration recited is the cancellation of a valid debt. The jury, on a fair presentation of the question, found that the deed was intended as an absolute conveyance of the title to the land in controversy to Meyer, and not as a mortgage or security for debt. Under such a finding the judgment was properly entered for Meyer.

■■■ Our Constitution (Const. art. 16, § 50) and laws (Rev. St. 1925, art. 3499) forbid the incumbrance of the homestead except for certain purposes, but there is absolutely no prohibition against the conveyance of the homestead where such conveyance is made voluntarily with the formalities prescribed by law, and with the intent of passing the title. Edmonson v. Blessing, 42 Tex. 596. In other words, the homestead is subject to an actual bona fide sale just like any other property, and where such a sale is made, and evidenced by a deed duly acknowledged as required by law, it is as effectual to pass title as any other sale of land. Johnson v. Fraser (Tex. Civ. App.) 92 S. W. 49 (writ ref.). Furthermore, under our Constitution and laws there is absolutely no prohibition against the bona fide conveyance of a homestead in payment of a debt.

The judgment of the Court of Civil Appeals should be affirmed, and we so recommend.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.