## BERNARD et al. v. JEFFERSON COUNTY INVESTMENT & BUILDING ASS'N.

### No. 2460.

Court of Civil Appeals of Texas. Beaumont.

Nov. 24, 1933.

Rehearing Denied Dec. 6, 1933.

504

D. E. O'Fiel, of Beaumont, for plaintiff in error.

Crook, Lefler, Cunningham & Murphy, of Beaumont, for defendant in error.

WALKER, Chief Justice.

This appeal is by writ of error, but the parties will be referred to as appellants and appellees. The appellants are Pearl Collins and her husband, Grady Collins, defendants below, and the only appellee whose interests are involved is Jefferson County Investment & Building Association, plaintiff below. The record, both on the transcript and the statement of facts, is somewhat lengthy, and other appellees were necessary parties below, and were made parties to this appeal by appellants, but their interests were satisfactorily adjusted by the judgment of the lower court. The issue between appellants and appellee, Jefferson County Investment & Building Association, may be stated as follows: On the 3d day of August, 1928, Viola Swain Bernard, the wife of A. B. Bernard, borrowed $200 from C. S. Wemple, for which she gave her note of that date, secured by her deed of trust of that date, recorded August 10, 1928, upon lot 5, block 8, Leonard addition to the city of Beaumont. This lot was her separate property, owned by her before her marriage to A. B. Bernard, under the name of Viola Swain. In securing the $200 she represented to Wemple that she was a feme sole, and that her name was Viola Swain. Wemple believed these representations, and, relying thereon, made the loan and accepted from her the deed of trust. At that time the property covered by the deed of trust was actually occupied by Viola and her husband as their home and used and enjoyed by them as such;

four tenant houses, in addition to the house in which they lived, were on the property which she and her husband were renting to other parties. On the 9th day of October, 1928, appellee, upon a valuable consideration, took from Viola and her husband a promissory note for $800, secured by them by a deed of trust of even date with the note, recorded the next day, upon the same property covered by the Wemple deed of trust. On the 12th day of October, 1928, Wemple discovered the fraud perpetrated upon him by Viola, and on that date had her and her husband re-execute to him, in due form, the original deed of trust which he re-recorded on the next day. However, in re-executing the deed of trust, Viola and her husband excepted from its operation that part of the property actually occupied by them as their home and in which they were living, thereby making subject to the deed of trust the property only that they had been renting. Viola defaulted in the payment of her note to Wemple, whereupon on the 1st day of January, 1929, he had the trustee named in the deed of trust sell the property as per the terms of the deed of trust. At this sale appellant Pearl Collins, the wife of appellant Grady Collins, was the purchaser.

On the issues involved in the appeal, this suit was by appellee against Viola and her husband, A. B. Bernard, for judgment upon their $800 note and to foreclose its deed of trust lien against property covered by this deed of trust; and against Pearl Collins and her husband upon allegations that its deed of trust was superior to the title acquired by appellants under the foreclosure sale of the Wemple deed of trust. The answer of appellants raised the material issue that Viola and her husband, by her fraudulent representations made to Wemple, which he believed and upon which he loaned her the money, were estopped to deny the validity of the Wemple deed of trust; and that appellee, holding under Viola and her husband, was also estopped. The judgment of the lower court was in favor of appellee against appellants, in effect that appellee's deed of trust was superior to the title of appellants, decreeing the sale of the property, etc.

### Opinion.

Where a married woman represents that she is unmarried, and thereby induces a person to purchase her separate property from her, the law is, generally, that she is estopped to assert the invalidity of her deed. Keller v. Lindow (Tex. Civ. App.) 133 S. W. 304, 305; Jones' Estate v. Neal, 44 Tex. Civ. App. 412, 98 S. W. 417. But the issue of estoppel is available to the purchaser only when he buys without actual or constructive notice that his vendor is a married woman. In the cases cited, sustaining the issue of estoppel, there was nothing to advise the vendee of the

incapacity of the married woman to make the sale. The facts of this case are clearly distinguishable from the facts of the cases cited. Viola's husband was living with her, occupying, using, and enjoying the property covered by the deed of trust as the family home. Another principle of law of general application is that every person dealing with land must take notice of its actual occupancy. The purchaser is thereby put upon notice of the claims of those in possession. The occupation of the property by Viola and her husband was sufficient to visit Wemple with notice that A. B. Bernard was enjoying possession of the property with Viola, and that they were holding it as their homestead and that they were husband and wife. Of course, Viola's deed of trust to Wemple was absolutely void, and, since the law visited him with notice that she was a married woman, appellants, holding under him, cannot plead estoppel in support of their title. Discussing the joint possession of community property by the husband and wife and the effect of a deed, made by the wife upon false representations of her power to sell the community property, the San Antonio court of Civil Appeals, in Lasater v. Jamison, 203 S. W. 1151, 1154, said: "The purchaser is by such possession put upon notice that the wife may not have the power to convey, and he cannot rely upon her statements any more than a buyer from the husband and wife of property occupied by them can rely upon their representation that it is not their homestead. To hold otherwise would practically abrogate the statute. The assignments are overruled."

For the reasons stated, the judgment of the lower court should in all things be affirmed, and it is accordingly so ordered.