## VIOLA SWAIN BERNARD ET AL. V. JEFFERSON COUNTY INVESTMENT & BUILDING ASSOCIATION.

No. 6697.   Decided July 15, 1936.
Rehearing overruled October 14, 1936.
(95 S. W., 2d Series, 1307.)

*David E. O'Fiel*, of Beaumont, and *Weslow, Beadle & Keilin*, of Houston, for plaintiffs in error.

A married woman who falsely represents that she is single and thereby procures from one ignorant of her true status, a loan upon the security of a deed of trust upon her separate real estate, is estopped to assert the invalidity of such deed of trust lien, notwithstanding that she and her husband are at the time living on said property as their homestead, where she, while not concealing her occupancy thereof, but did conceal from the lender, who personally inspected the property, the fact of her marriage and the consequent homestead status of the premises. Blesse v. Wessels, 18 S. W. (2d) 724; Waco Bridge Co. v. Waco, 85 Texas, 320, 20 S. W., 137; Surtees v. Hobson, 13 S. W. (2d) 345.

*Crook, Lefler & Cunningham*, of Beaumont, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On August 3, 1928, Viola Swain Bernard, owner in her separate right of Lot 5, Block 8, Leonard Addition to the City of Beaumont, acting as a feme sole, executed a deed of trust upon this property to G. W. Shively, trustee, to secure C. S. Wemple in the payment of a note for $200.00. The deed of trust was executed by her under the name of Viola Swain. It referred to her as a feme sole and was acknowledged by her as such. At the time of the execution of the instrument she was living in a house situated upon this lot with her husband, A. B. Bernard. There were other houses upon the property which were occupied by tenants. This deed of trust was filed for record August 10, 1928.

On October 9, 1928, Viola Swain Bernard and her husband executed a deed of trust upon the same property to R. F. DuBois, trustee, to secure Jefferson County Investment & Building Association in the payment of one note for $800.00. This deed of trust was filed for record October 10, 1928.

On October 12, 1928, Wemple learned that Viola Swain Bernard was a married woman, and on that date obtained a re-execution of the deed of trust of August 3, 1928, by having

it signed by Viola under her full name of Viola Swain Bernard and by her husband, A. B. Bernard, and acknowledged by them in the statutory form. There was added to the instrument just above the signatures a statement as follows:

"This instrument is re-executed by me (Viola Swain) to correct a statement I made to C. S. Wemple in which I told him I was a single woman at the time this trust deed was made. (August 3, 1928)

"Now therefore, I, Viola Swain Bernard, joined by my husband, A. B. Bernard, do hereby sign and confirm our signatures to make this correction, and agree to have this trust deed recorded."

The instrument as thus re-executed was filed for record October 12, 1928.

Default was made in the payment of the note to Wemple and on January 1, 1929, the trustee made sale of the lot in question to Pearl Collins. The deed of the trustee in setting out the authority by which it was executed refers to the foregoing deed of trust, reciting that it was first executed by Viola Swain on August 3, 1928, and by Viola Swain Bernard and husband, A. B. Bernard, on October 12, 1928, the second execution being referred to as a "re-execution and re-delivery." The place of record referred to is the record of the instrument as executed on October 12, 1928.

This suit was instituted by defendant in error, Jefferson County Investment & Building Association, against Viola Swain Bernard and husband, A. B. Bernard, and against Pearl Collins and her husband to foreclose the deed of trust executed October 9, 1928, in favor of defendant in error. Judgment was rendered by the trial court in favor of the defendant in error foreclosing its lien and holding same to be superior to the title asserted by plaintiff in error Pearl Collins under foreclosure of the deed of trust executed to secure Wemple. This judgment was affirmed by the Court of Civil Appeals. 65 S. W. (2d) 503.

Viola Swain Bernard and husband are no longer in the case, and the contest here is solely between claimants under the two deeds of trust. We think the controversy narrows itself to one point. The instrument of August 3, 1928, being intended as a mortgage upon the separate estate and homestead of Viola Swain Bernard, was absolutely void, because it was not signed and acknowledged by her husband. It may be conceded for the purpose of this decision that there was a re-execution as of October 12, 1928; but if this were true, it could not, as to

defendant in error, have the effect of making the instrument valid as of date August 3, 1928. At most it could only operate as a valid mortgage from the date of its second execution.

We do not understand that plaintiffs in error are really controverting either of these proposition. Their real contention may be thus summarized: That because Viola Swain Bernard on August 3, 1928, fraudulently represented to Wemple that she was feme sole, and fraudulently induced him to believe she was unmarried, and thereby caused him to make her the loan of $200.00, she was estopped to deny the validity of the deed of trust of August 3, 1928. They further contend that as defendant in error paid no new consideration for its deed of trust of October 9, 1928, but same was merely to secure a preexisting indebtedness, it could not be regarded as an innocent purchaser for value as against Wemple's secret equity, to wit, his right to plead estoppel; and for these reasons defendant in error's lien was not superior to Wemple's lien and the title acquired by plaintiff in error Pearl Collins under foreclosure of that lien.

■ So far as the decision of this case is concerned, it may be assumed that as between Wemple and Viola Swain Bernard Wemple could have successfully relied upon an equitable estoppel. We may further assume that defendant in error cannot be regarded as an innocent purchaser for value as against the right which Wemple had to assert the estoppel. We do not think, however, that plaintiff in error Pearl Collins, as purchaser under the deed of trust sale, acquired the right of Wemple to assert the estoppel as against defendant in error.

It is of course fundamental that estoppel does not pass title in cases where a married woman has not been joined by her husband in the execution of a conveyance or mortgage which is later foreclosed. In Speer's Marital Rights, Section 245, it is said: "The legal principle of the estoppel in such a case is not that it holds as valid the contract, conveyance or other act of the wife, but that she will not, because of fraud, be permitted to assert its invalidity." In this case plaintiff in error Pearl Collins is asserting title acquired by her under the foreclosure of the deed of trust of October 12, 1928. She must look to it as the source of power to make any conveyance. Manifestly, the instrument of August 3, 1928, was void as a source of authority to sell. The trustee in making sale of the property was careful to refer to the "re-executed and re-delivered" deed of trust of October 12, 1928, as the source of his authority for acting. Looking to this deed of trust of October 12, 1928, it

disclosed on its face that the instrument of August 3, 1928, was void, and the very purpose of the re-execution was to bring into existence a valid and enforceable mortgage. It becomes obvious, therefore, that plaintiff in error Pearl Collins in purchasing looked to, and contracted in reliance upon, the deed of trust of October 12, 1928, and was in no manner influenced by the instrument of August 3, 1928, or any representation made by Viola Swain Bernard to Wemple.

We think the language of the Supreme Court of Idaho in the case of Leland v. Isenbeck, 1 Idaho, 469, 475, is in principle directly applicable to the facts of the present case. In that case it is said:

"The doctrine that not only a party but his privies in estate may plead an estoppel, can have no application as to the privies when they could not have been influenced by inducements not held out to them nor operating to determine their conduct. Even if there had been inducements held out by the plaintiff which may have influenced the conduct of Isenbeck, still we can not see how they could affect the conduct of Gamble after the plaintiff had placed upon record his retraction of all that he had previously said or done, and this before Gamble had purchased the property."

The case of Pereles v. Gross, 126 Wis., 122, 105 N. W., 217, 110 Am. St. Rep., 901, is also in principle in point.

If in this case we had a contest between Wemple and Viola Swain Bernard, or if Pearl Collins had purchased under a foreclosure by virtue of the instrument of August 3, 1928, we might have had a different situation. However, when the instrument of October 12, 1928, was executed and placed of record, and when plaintiff in error Pearl Collins purchased thereunder, the facts with reference to the deception practiced by Viola Swain Bernard on Wemple were fully known. An effort to correct same had been made, so that other parties would not be induced to act in reliance on the instrument of August 3, 1928; and we are therefore of the opinion that plaintiff in error did not intend to rely upon any supposed virtue in the transaction of August 3, 1928, but solely upon the deed of trust of October 12, 1928. Even if it be true that a right which a mortgagee has to plead estoppel against a mortgagor would ordinarily pass by foreclosure sale under the particular mortgage which was tainted by the fraud, we do not see how that principle could govern in the present case, where there was a second mortgage which superseded the first, and became the sole

source of title upon the faith of which the purchaser at fore-closure still relied. The circumstances of the case excluded the idea that plaintiff in error purchased or intended to acquire the right of Wemple (if any) to assert estoppel as touching the validity of the instrument of August 3, 1928.

The consideration for execution of the deed of trust of October 9, 1928, by Viola Swain Bernard and her husband to defendant in error was, as between the parties, entirely sufficient. The sufficiency of this consideration is in no manner questioned by the mortgagors. This deed of trust was prior to that of October 12, 1928, under which plaintiff in error purchased, and was filed for record prior to her purchase, and the question of whether or not defendant in error was an innocent purchaser for value is not in the case.

For the reasons stated herein the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court July 15, 1936.

Rehearing overruled October 14, 1936.