Kent ROBISON, Appellant,

v.

J. C. ROBERTS, d/b/a B & R Package Store, Appellee.

No. 6790.

Court of Civil Appeals of Texas.

Texarkana.

April 21, 1955.

Rehearing Denied May 19, 1955.

R. L. Whitehead, Longview, for appellant.

Gordon R. Wellborn, Rex Houston, Bob M. Lloyd, Henderson, for appellee.

HALL, Chief Justice.

This is a suit by appellee instituted against appellant for mandatory injunction to require appellant to sell to him Budweiser beer. Appellee joined with him, Anheuser-Busch Brewing Company and several other liquor dealers in Gregg County and alleged that they with appellant had formed a conspiracy to deprive him of any Budweiser beer for his retail outlet. Appellee also sought damages in the sum of $150,000.

Trial was to the court without a jury and resulted in a judgment granting the injunction as prayed for, mandatory in character and requiring appellant to continue to sell Budweiser beer to appellee during the existence of said injunctive order in the same amounts he had been selling him the year previous.

Appellant brings forth this single point of error: "The court erred in entering its order requiring defendant, Kent Robison, to sell to plaintiff, J. C. Roberts, Budweiser beer because there is no basis in the law for the court's judgment."

The facts are that appellant is the representative, in Gregg County of the Anheuser-Busch Brewing Company and is the only outlet in the county for Anheuser-Busch product, Budweiser beer; that he had been delivering to appellee quantities of this beer for quite some time through one of his truck drivers. Appellee also sold Miller Hi-Life beer and Schlitz to the local trade in Kilgore, Texas. On or about the 28th day of May, 1954, appellant stopped all deliveries of Budweiser beer to appellee's place of business. Appellee telephoned appellant and asked his reason for stopping the sale of Budweiser to him and appellant told him that he could just say "that he didn't like the size shoe he wore." There is evidence that shortly after appellant stopped the sale of Budweiser to appellee, he, appellant, began selling Budweiser to other outlets in Gregg County.

Appellee alleges and contends that a conspiracy existed between the several retail liquor dealers in Gregg County, parties to this suit, and appellant to deprive him of Budweiser beer and his suit for the injunction is based on his allegation of this conspiracy and the refusal of appellant to continue to deliver to him Budweiser beer; and that said "agreement and scheme is a conspiracy in truth and in fact and is in violation of Article 7429 of the Revised Civil Statutes of Texas."

We think the evidence wholly fails to establish a conspiracy between the parties-defendant in the court below, and, in our opinion, the judgment of the trial court is impliedly against such contention. The trial court found against appellant only, entering no judgment whatsoever against the other defendants in the court below, and appellee makes no complaint of such failure to enter judgment against them. They are not here on appeal and the case now stands in this court between appellant and appellee. No damages were awarded by the trial court. Its order is one simply commanding appellant to sell Budweiser beer to appellee in an amount not greater than the amounts purchased from him by appellee during the corresponding months of the previous year.

The question here is, Can appellant, under the laws of this state, be compelled to sell his product to appellee? We think this question is answered in the negative by the Supreme Court in Ford Motor Co. v. State, 142 Tex. 5, 175 S.W.2d 230, 231, 234, wherein it is said: "There is nothing in such laws (anti-trust) that requires a manufacturer to sell its manufactured product to any dealer or purchaser who wishes to buy same." Following the above case and to the same effect is Portland Gasoline Co. v. Superior Marketing Co., 150 Tex. 533, 243 S.W.2d 823. In the recent case of Erickson v. Times Herald Printing Co., Tex.Civ. App., 271 S.W.2d 329, 332 (ref., n. r. e.), it is said:

"As stated, appellant's suit is founded in tort, claiming no contractual rights; but that he, on the other hand, has been put out of business perforce of these dealership contracts of an exclusive nature, which also served to fix the price paid by the ultimate consumer for defendant's newspaper. He asserts that a cause of action is alleged on such basis; the trial court erroneously ruling otherwise. Underlying plaintiff's resort to Anti-Trust Laws appears his conviction that defendant should be thereby required to continue the sale of its papers to him at discount prices; and this, though the same city area has been farmed out to another under contract to which he was formerly a party. However, under arts. 7426, 7428, and 7429, V.A.C.S., a manufacturer may sell or refuse to sell to any person at his pleasure; the cited Articles of course making illegal any contract restricting the dealer's resale of intrastate goods to a given territory, or an attempted dictation of the retail price of such goods."

In our opinion, the above authorities are conclusive of the question involved on this appeal. Appellee can no more compel appellant to sell him Budweiser beer than appellant could compel him to buy Budweiser beer. A manufacturer or dealer has a right to sell his product to any person

he sees fit without compulsion by the state. Appellee cites numerous authorities to the effect that the granting or refusing of a temporary injunction is within the sound discretion of the trial court. In many cases this is true. But where the law grants no right to a person the discretion of the trial court is not involved.

Appellant's point is sustained and the judgment of the trial court is reversed and the injunction heretofore granted is dissolved.