**S. NELKIN et al., Appellants,**

v.

**Christine YOUNG, Appellee.**

No. 7688.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 7, 1965.

Rehearing Denied Dec. 28, 1965.

M. Marvin Katz, DeLange, Hudspeth, Pitman & Katz, Houston, for appellants.

Jerry D. Barker, Legal Aid Society, Houston, for appellee.

CHADICK, Chief Justice.

The trial court temporarily enjoined a sale of real property according to the terms of a deed of trust. The order of the trial court is affirmed.

At the hearing proof was offered that plaintiff Christine Young, the appellee, was married to Frank Young, and she and her children were occupying the house and lot involved on April 17, 1964, when she executed a deed of trust and the note described in it. The deed of trust named L. A. Kucera as trustee and recited that the note was payable to Direct Investment Corporation. It also contains the following recital, viz:

"The herein secured note is in extension and renewal of the following notes and liens:

"1. Note dated January 15, 1955, for $5,000.00 fully described in and secured by a Deed of Trust from Christine Dismuke to F. A. Samper, Trustee, recorded in Volume 2603, Page 399 of

the Mortgage Records of Harris County, Texas, assigned to Direct Investment Corporation, and on which there is a balance due of $1,134.00.

"2. Note dated April 17, 1964, for $2,921.36, executed by Christine Dismuke, payable to the order of Direct Investment Corporation, due and payable on or before 30 days after date, fully described in and secured by a Mechanic's and Materialman's Lien Contract covering herein described property, dated April 17, 1964, between Christine Dismuke, as owner, and Direct Investment Corporation, as contractor, on which there is a balance due of $2,921.36.

"3. Ad valorem taxes on herein described property in the amount of $931.64."

The trust instrument is in the record but not the note. As described, the note was for the principal sum of $5,987.00, payable in monthly installments of $80.00 each; the first installment due and payable June 1, 1964. The statement of facts shows that payment receipts were before the court and discussed by counsel and a witness, but are not a part of the record here.

Before marriage to Frank Young, the appellee was married to King Dismuke, and to such union was born eight children, four still members of her household. The marriage to Dismuke ended in divorce in 1960, the same year she married Young. While a witness, Christine Young explained that she was persuaded by the persons who procured her signature to the deed of trust and note to sign the instruments as Christine Dismuke because the real property dealt with was deeded to her in that name, and by so signing she would eliminate red tape. The initial paragraph of the deed of trust began: "I, Christine Dismuke, a widow, * * *". The notary's jurat recites that " * * * personally appeared Christine Dismuke, a widow * * *". Widowhood is not elsewhere suggested by the instrument in evidence, and she was at the time of its execution actually married to Frank Young.

A husband and wife occupying and using a homestead may not validly encumber it except for the limited purposes and in the manner prescribed by law. See Art. 16, Sec. 50, Constitution, State of Texas, Vernon's Ann.St.; Article 5460, Texas Revised Civil Statutes 1925. But the appellants, S. Nelkin and T. Nelkin, claim the evidence shows as a matter of law that this general rule has no application in this case for two reasons. First, because Christine Young and Frank Young were permanently separated on April 17, 1964, when Christine executed the note and deed of trust. Authorities cited in support of this proposition includes Articles 4614, 4618, 4626; Vernon's Texas Civil Statutes; Speer's Marital Rights in Texas, Secs. 366, 553; Waggoner Bank & Trust Co. v. Warren, (1921), 111 Tex. 318, 234 S.W. 387; Harris v. Hamilton (Tex.Com.App. judg. apprvd. 1920 ) 221 S.W. 273; Davis v. Saladee (1882) 57 Tex. 326; Mabry v. Citizens' Lumber Co., 1907, 47 Tex.Civ.App. 443, 105 S.W. 1156, (error ref.). Second, because Christine Young deceived S. Nelkin as to her true status as a married woman by executing the deed of trust in which she was described as a widow, and that S. Nelkin relied upon such recital when he acquired the note and mortgage from Direct Investment Corporation, and as a consequence Christine Young is estopped to assert the invalidity of the deed of trust lien. Authorities cited include Speer's Marital Rights in Texas, Sec. 225; Podolnick v. Hamilton (Tex.Sp.Ct. 1961), 349 S.W.2d 715; Dallas Building & Loan Ass'n. v. Patterson, (Tex.Civ.App., Ft. Worth 1932, er. ref.), 48 S.W.2d 657; Adler v. Fort Worth State Bank (Tex.Civ. App., Ft. Worth 1927, er. dism.) 297 S.W. 277; Barnes v. Archer, (Tex.Civ.App., San Antonio 1935, no writ), 77 S.W.2d 883; Bernard v. Jefferson County Investment & Building Ass'n. (1936), 128 Tex. 97, 95 S.W. 2d 1307; Wilson v. Beck (Tex.Civ.App., Dallas 1926, er. ref.), 286 S.W. 315; Keller

v. Lindow (Tex.Civ.App.1910, er. ref.), 133 S.W. 304.

On the question of Frank and Christine Young's marital status April 17, 1964, the evidence is brief. They were married in 1960, separated in June, 1962, lived together off and on until sometime in 1963, and had not lived together since. At the time she testified, February 2, 1965, Christine did not know Frank's whereabouts, and said she had no intention of living with him in the future. Her intention in this regard on April 17, 1964, is cloaked in silence. The record also makes it clear as between Christine Young and her husband, Frank Young, the house and lot was a part of her separate estate. The evidence does not establish as a matter of law that Christine and Frank Young were permanently separated when the loan instruments were executed April 17, 1964. This is an essential element of the Nelkin defense, Masterson v. Bouldin (Tex.Civ. App.) 151 S.W.2d 301, writ refused, and failure is fatal to reversal on this ground. The appellants' point presenting this matter is overruled.

S. Nelkin, the holder of the note and lien securing it, did not testify, but his father, T. Nelkin, did. The elder Nelkin stated that he was acquainted with the facts surrounding its purchase, that he knew his son owned the note, that it was purchased and money paid for it, and that he, T. Nelkin, did not know and had no reason to believe that Christine Young was a married woman. The burden of showing S. Nelkin was an innocent purchaser of the note and the lien securing it fell upon him. Homesteads, 28 Tex.Jur.2d, Sec. 107. In Hill v. Engel (Tex.Civ.App.1935) 89 S.W.2d 219, writ refused, it is said:

"In order for one to establish a plea of estoppel it is essential that he allege and prove not only that the misleading statements and representations were made by the parties sought to be estopped, but that he actually believed and relied on said representations and

was misled to his injury thereby. 17 Tex.Jur. 147; 21 C.J. 1126, 1250; Kuykendall v. Spiller (Tex.Civ.App.) 299 S.W. 522, 527; Foster v. Spearman Equity Exchange (Tex.Civ.App.) 266 S.W. 583, 588; South Texas Lumber Co. v. Wolvin Line (Tex.Civ.App.) 199 S.W. 1129; Irvin v. Irvin (Tex. Civ.App.) 7 S.W. (2d) 1103; Robertson v. Vernon (Tex.Civ.App.) 3 S.W. (2d) 573; Hartman v. Chumley (Tex. Civ.App.) 266 S.W. 444, par. 3; Equitable Mortgage Co. v. Norton, 71 Tex. 683, 689, 10 S.W. 301, 304. Since appellant failed to offer any evidence to prove that he actually relied on the representations contained in said mechanic's lien contract and in the deed of trust above referred to, he wholly failed to establish his plea of estoppel."

S. Nelkin did not prove estoppel as a matter of law.

In a temporary injunction proceeding such as this, the trial judge resolves disputed fact issues and enters orders in harmony with his findings. If the relevant facts are not contradictory or conflicting, the judge has nothing to resolve and merely applies the law to such undisputed or conceded facts. Southland Life Ins. Co. v. Egan (op. adpt. 1935), 126 Tex. 160, 86 S.W.2d 722; Huston v. Throckmorton County (Tex.Civ.App., Eastland 1948, no writ), 215 S.W.2d 387; Robison v. Roberts (Tex.Civ.App., Texakwana 1955, er. ref.), 279 S.W.2d 484; Clesi v. Northwest Dallas Imp. Ass'n. (Tex.Civ.App., Dallas 1953, er. ref., n. r. e.), 263 S.W.2d 820; Kostoff v. Harris (Tex.Civ.App., Dallas 1954, er. ref., n. r. e.) 266 S.W.2d 204; City of Waco v. Marstaller (Tex.Civ.App., Waco 1954, no writ) 271 S.W.2d 722. The evidence discloses Christine Young's probable right to nullify the lien in question and probable injury to her if the status quo is not preserved. The trial court did not abuse its discretion. Transport Co. of Texas v. Robertson Transports, Inc. (1953) 152 Tex. 551, 261 S.W.2d 549. Affirmed.