Roy E. GREEN, Appellant,

v.

TEMPLE–STUART COMPANY et al.,
Appellees.

No. 16771.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 18, 1966.

**745**

Monroe Clayton, Wichita Falls, for appellant.

Thomas A. Melody, Dallas, for appellees.

## OPINION

MASSEY, Chief Justice.

Roy E. Green, retail furniture dealer of Wichita Falls, Texas, brought suit for damages against Temple-Stuart Company, furniture manufacturing corporation of Massachusetts, and its Texas agent-representative, Cedric Norred. Gist of the action was that as the result of an agreement or undertaking entered into by the defendants with a competitive Wichita Falls retail furniture dealer, under the provisions of which defendants would in that trade area sell its products to said competitor "exclusively", plaintiff had sustained damages in the consequent denial to him of the defendants' products. Following a jury trial the court rendered judgment for the defendants *non obstante veredicto* and the plaintiff appealed.

Judgment affirmed.

We consider the case initially as though no question exists but that the defendants' business was of an intrastate character, and that the transaction might be tested by the provisions of T.R.C.S. Art. 7428, "Conspiracies against trade". We note the similarity of the situation to that considered in Robison v. Roberts, 279 S.W.2d 484 (Texarkana Civ.App., 1955, error refused) where it was held that a defendant was privileged to cease to sell its products to plaintiff in favor of another. A difference exists in the present case from that in Robison v. Roberts in that Norred, as agent for Temple-Stuart Company, admitted that he had agreed to give plaintiff's competitor an "exclusive" on his principal's line of merchandise in Wichita Falls, and was going to proceed to honor such agreement though he knew it would injure plaintiff's business.

The remedy sought in the case before us is for damages, while in Robison v. Roberts the remedy sought was a mandatory injunction, so we necessarily are concerned as to whether we would be applying language found therein to a situation not within the contemplation of the Texarkana Court. We have concluded that the cited case is authoritative despite this difference.

The question is whether Norred's admission that plaintiff's denial of a subsequent supply of Temple-Stuart Company's products stemmed from the agreement to give plaintiff's competitor an "exclusive", coupled with circumstances analogous to those in Robison v. Roberts, sufficed to make out a prima facie case. Of course the plaintiff had no right to Temple-Stuart furniture, and the company at all times was privileged to sell its products to whomever it saw fit without compulsion by the state.

If a manufacturer or dealer has a right to sell or refuse to sell his product to any person he sees fit without compulsion by the state, the legal situation would not be altered (and make him liable where he otherwise would not be liable) merely because he might inform him to whom sale is refused that such was founded in a promise made to another that he have the "exclusive" right to buy the seller's product in a particular town or area.

For purposes of this case Norred, the agent, and Temple-Stuart Company, his

principal, would in Texas be considered as one person and not independent under *respondeat superior*. Hence, no combination against plaintiff in the statutory sense could have existed through any agreement between such parties. Padgitt v. Lone Star Gas Co., 213 S.W.2d 133, 136 (Dallas Civ. App., 1948, no writ hist.). It has also been held that illegality in the statutory sense, relating to concert of action among those who would otherwise be in competitive business, does not exist unless such participants are independent and capable of acting in competition with one another. State v. Fairbanks-Morse & Co., 246 S.W.2d 647, 659 (Dallas Civ.App., 1951, writ ref. n. r. e.). As applied to Temple-Stuart Company and its agent, on the one hand, and to plaintiff, on the other, one was in the manufacturing business and the other in the retail furniture business and in no sense were they competitive with one another.

■ Under search is the right, if any, which accrued to plaintiff through what he contends to have been a contract which was void for illegality under Texas law as between the parties thereto. Though the agreement might have been in violation of the Anti-Trust laws in so far as the two parties thereto were concerned (unenforceable in any action by one against the other, and one in which money which might be contractually owed from one to the other would be uncollectible) as to third persons not in privity, including the plaintiff, the situation would be one where the parties to the agreement had made "promises" to one another which neither would be obliged to keep. Should one of the parties nevertheless elect to keep his promise, and therefore refuse to sell to plaintiff to his damage, no cause of action would enure to the benefit of plaintiff or like third person under existent Texas law. See Jax Beer Co. v. Palmer, 150 S.W.2d 452, 454 (Fort Worth Civ.App., 1941, no writ hist.) and cases analyzed, concerning which it was stated: "The gist of these opinions is that one or more persons may refuse to have any business dealings with another person and not be liable for their acts, but they 'may not with impunity influence another person, whether a party to the conspiracy or not, to refrain from business relations with such person without being guilty of an actionable wrong.'" See also Delz v. Winfree, 80 Tex. 400, 16 S.W. 111 (1891).

For these reasons the judgment *non obstante veredicto* was proper when the case is considered as one where the material transaction was of an intrastate character.

■ In a test of its true character, however, we are of the opinion and hold that the material transaction and all the business shown to have been conducted by Temple-Stuart was interstate and not intrastate. Hence only the Federal Anti-Trust Act could apply. Plaintiff would for this reason be unable to recover under the theory upon which his suit was brought and presented.

All the shipments of furniture to plaintiff were shown to have been under the "original package" doctrine of interstate commerce law, giving transactions with plaintiff the character of interstate commerce. Temple-Stuart Company had a contract with a warehouse in Dallas, Texas for the storage of its furniture. It attempted to keep a supply of "packaged" units of various kinds of its products on hand therein for more prompt delivery to its approved customers, among which plaintiff was numbered until his competitor was given an "exclusive". Upon receipt of an order for such a "packaged" unit Temple Stuart was able to fill the "order" by having its products "forwarded" from the Dallas warehouse rather than through direct shipments from its factory or warehouse in Massachusetts. By contract of the parties, transfer was treated the same as though shipment was from outside Texas, to-wit: shipped at purchaser's expense "f. o. b." the location of the factory. There was no evidence raising the issue that the actual practice involved any intrastate

transaction. Indeed, the evidence established that it did not. See 26 A.L.R. 971, Anno.: "What is an 'original package' within interstate or international commerce"; 12 Tex.Jur.2d p. 172, "Commerce", § 10, "Original package doctrine".

Judgment is affirmed.