The ENGLANDER CO., Inc., et al.,
Appellants,

v.

Jack G. KENNEDY, Appellee.

No. 17004.

Court of Civil Appeals of Texas.
Dallas.

Jan. 19, 1968.

Rehearing Denied Feb. 23, 1968.

M. S. Brame, of Brame & Brame, Sherman, Kenneth R. Guest, of Matthews & Matthews, Paul H. Stanford, of Cervin & Stanford, Dallas, for appellants.

Carl McLynn, Jack G. Kennedy, Sherman, for appellee.

DIXON, Chief Justice.

On September 1, 1966 appellee filed this suit against several defendants, including Dearborn Stove Company and The Englander Company, both corporations. Appellee sought a judgment declaring certain real property located in Grayson County, Texas, now owned by appellee, to be free and clear of judgment liens which might be claimed by the defendants, and for removal of clouds on title.

Only the two defendants above named have prosecuted this appeal from a judgment in appellee's favor. Another defendant, Nash Hardware Company, has abandoned its appeal.

In his petition appellee alleges that his predecessors in title, Billy R. Bailey and wife Glenna Fay Bailey, bought the property on February 27, 1952; that in 1958 the Baileys moved onto the property making, using and claiming it as their homestead; that defendants at various times in

1962 obtained money judgments against the Baileys, which judgments were abstracted and filed for record; that the Baileys at the time said judgments were rendered against them and the abstracts recorded were using and claiming the property as their homestead; and that they continued to do so until June 15, 1965 when they conveyed the property to Recovery Company, a corporation, said property then being subject to a first lien in favor of Sherman Savings & Loan Association.

Appellee further alleged that he purchased the property on August 12, 1965 from Recovery Company, at which time the property was still subject to a balance past due and unpaid on the first lien above mentioned, which lien had been placed on the property prior to the rendition of any of the judgments in question. At the time appellee purchased the property Recovery Company acquired the first lien from Sherman Savings & Loan Association. As part of the consideration appellee then executed to Recovery Company his note secured by first lien, said note and mortgage being a renewal and extension of the balance due on the debt and lien originally owned by Sherman Savings & Loan Association.

After a trial before the court without a jury, the court made findings in substance as follows:

1. The Baileys claimed, occupied and used the property as their homestead from 1959 until the conveyance to Recovery Company on June 15, 1965.

2. On the above date the Baileys still owed a balance of $4,397.68 on the note secured by a valid deed of trust lien, duly recorded, dated February 28, 1957.

3. The Baileys also owed Recovery Company an additional indebtedness of $3,868.06 on June 15, 1965.

4. The consideration for the conveyance by the Baileys to Recovery Company was $8,265.74 and the release of the Baileys from personal liability for said debts.

5. At the time the judgments in question in favor of defendants were taken against the Baileys and at the time they were filed for record, the property continued to be the homestead of the Baileys.

6. From 1959 to the sale of the property on June 15, 1965, Bailey owned no other real estate.

The court concluded that none of the judgments or abstracts thereof ever became valid liens against the property; that Recovery Company took title of the property free and clear from any liens arising from the judgments; so did appellee Kennedy; and said judgments should be removed as clouds upon title to the property.

■ Appellee objects to our considering the partial statement of facts filed herein because of alleged informalities in its authentication. Appellee did not file his objections within thirty days after the filing of the partial statement of facts. Therefore his objections will be considered as waived. Rule 404, Texas Rules of Civil Procedure; Pacific Fire Ins. Co. v. Smith, 145 Tex. 482, 199 S.W.2d 486 (1947); Strode v. Srygley, 342 S.W.2d 638 (Tex. Civ.App., Fort Worth 1961, writ ref'd n. r. e.); Sparks v. Chandler, 201 S.W.2d 252 (Tex.Civ.App. El Paso 1947, no writ); Looney v. Wing, 195 S.W.2d 557 (Tex.Civ. App., Fort Worth 1946, writ dism'd). The objection is overruled.

Each of the first ten points of error of The Englander Company takes up a designated finding and conclusion of the court and asserts that it is without support in the record.

We cannot sustain any of these points. Only a partial statement of facts was brought up on appeal. That this is so is made evident from appellant's request to the official court reporter. Appellant requested certain evidence be included and expressly stated, "The other portions of the evidence may be omitted." Appellee's attorney subsequently requested that certain named documentary exhibits also be includ-

ed. The certificate of the court reporter recites that the "foregoing 37 pages of typewritten and printed matter constitute a true and correct transcript of the documentary evidence admitted in evidence on the trial * * *."

■ In the absence of a complete statement of facts there is no way for us to examine the whole record to determine whether there is any evidence to support the court's findings and conclusions. With only a partial statement of facts before us we must presume that there was evidence to support the court's findings. Thrasher et ux. v. Hensarling et ux., 406 S.W.2d 515 (Tex.Civ.App., Waco 1966, no writ); Alexander v. Bank of Am. Nat. Trust & Savings Ass'n, 401 S.W.2d 688 (Tex.Civ. App., Waco 1966, writ ref'd); Armstrong et al. v. West Texas Rig Co., 339 S.W.2d 69 (Tex.Civ.App., El Paso 1960, writ ref'd n. r. e.); Locke v. J. H. Marks Trucking Co., 318 S.W.2d 1 (Tex.Civ.App., El Paso 1958, no writ); Baker et al. v. Rutherford, 293 S.W.2d 669, 672 (Tex.Civ.App., Waco 1956, no writ); Torrey et al. v. Cameron, 74 Tex. 187, 11 S.W. 1088 (1889).

■ Appellants rest their claim that the property was not the homestead of the Baileys on a statement made by the Baileys in a deed of trust signed by them on February 28, 1957 wherein the Baileys say that the subject property was not then their homestead; that they did not intend in the future to make it their homestead; and that on said date their homestead was located near Gainesville, Texas, in Cooke County.

The above statement is no evidence that the property had not become the homestead of the Baileys by the year 1962 when the judgments were rendered and recorded. The findings of the court, which findings we must presume to be supported by evidence, were that from 1959 to June 15, 1965, the date of the conveyance by the Baileys, the property was in fact their homestead; and that Bailey during that time did not own any other property. The

statement by the Baileys made in 1957 that they did not intend in the future to make the property their homestead is not, as a matter of law, binding on them. Schulz v. L. E. Whitham & Co., 119 Tex. 211, 27 S. W.2d 1093 (1930); Citizens' State Bank of Lindale v. Jeffries et ux., 2 S.W.2d 317 (Tex.Civ.App., Texarkana 1927, writ ref'd); Bayless v. Guthrie, 235 S.W. 843 (Tex.Com.App.1921); First National Bank v. Rice-Stix Dry Goods Co., 213 S.W. 344 (Tex.Civ.App., Austin 1919, rev'd on other grounds, Tex.Com.App., 231 S.W. 386); Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S.W. 12 (1890); 28 Tex.Jur.2d 460. They had a right to change their minds.

It is to be noted also that so far as the record shows the statement as to future intentions was not made to any of the subsequent judgment creditors. It was addressed in 1957 to and for the benefit of the Sherman Savings & Loan Association, prior to the time the Baileys moved into the property and used, occupied and claimed it as their homestead.

The first ten points of appellant The Englander Company are overruled.

In its eleventh point The Englander Company charges error on the part of the court in failing to find and conclude that the abstracts of judgment created valid and subsisting liens on the subject property. For the same reasons given for overruling appellant's first ten points, we overrule the eleventh point.

Dearborn Stove Company in its two points of error asserts that the court erred (1) in finding that its judgment lien did not attach to the property since the homestead exemption is personal and cannot be claimed by a subsequent purchaser; and (2) in finding that the subject property was the Bailey's homestead since they had declared in the 1957 deed of trust that they did not claim or use the property as their homestead and did not in the future intend to do so.

■ There is no merit in either of the above two points. The court found that the

Baileys did claim, use and occupy the property as their homestead from 1959 until June 15, 1965 when they conveyed it to Recovery Company. Thus they did assert their personal right to the homestead exemption. It is beyond argument that in Texas general creditors who have reduced their debts to judgment do not thereby obtain a judgment lien against property claimed, occupied and used by their debtor as a homestead. Constitution of Texas, Art. 16, Sec. 50, Vernon's Ann.St. See also 28 Tex. Jur.2d 574 and authorities there cited. And notwithstanding the existence of judgments against such debtor he may convey his homestead to whom he pleases free and clear of judgment liens. Soper v. Medford, 258 S.W.2d 118, 121 (Tex.Civ.App., Eastland 1953, no writ); Hughes v. Groshart, 150 S.W.2d 827 (Tex.Civ.App., Amarillo 1941, no writ); Anglin v. Cisco Mortgage Loan Co., 135 Tex. 188, 141 S.W.2d 935, 941 (1940); Gore v. Citizens State Bank, 88 S. W.2d 721 (Tex.Civ.App., Waco 1935, writ ref'd); Hiner v. Meyer, 44 S.W.2d 961 (Tex.Com.App., 1932); Howard v. Mayher, 39 Tex.Civ.App. 529, 88 S.W. 409 (1905, writ ref'd).

■ Under its second point appellant Dearborn Stove Company argues that having made the statement of future intention in the deed of trust to Sherman Savings & Loan Association in 1957, and having permitted it to be placed on the public records, the Baileys were required to take some affirmative action thereafter revoking the recorded statement. Appellant cites no authorities to support its contention. However it is not necessary for us to pass on the question whether appellant's contention is a correct statement of law. For under the record before us the Baileys did take affirmative action: beginning in 1959 they claimed, occupied and used the property as their homestead. This put the lien claimants on notice of the homestead claim of the Baileys and of the status of the property. Farmers' State Bank of Quanah v. Farmer, 157 S.W. 283 (Tex.Civ.App., Amarillo 1913, no writ); Hutchenrider v.

Smith, 242 S.W. 204 (Tex.Com.App.1922, holding approved); Bernard et al. v. Jefferson County Inv. & Building Ass'n, 65 S.W.2d 503 (Tex.Civ.App., Beaumont 1933, affirmed 128 Tex. 97, 95 S.W.2d 1307, 1936); 28 Tex.Jur.2d 562–565.

The two points of error of Dearborn Stove Company are overruled.

The judgment of the trial court is affirmed.