WEBB AND OTHERS V. MAXAN.

It seems that a foreclosure and sale are conclusive against the right of a subsequent mortgagee or purchaser to redeem, where the prior mortgagee had no notice of the subsequent mortgage or sale ; but otherwise, where the prior mortgagee had such notice.

It seems that the bill of exceptions in this case was regarded as a statement of all the facts.

Where a subsequent purchaser contracted to pay off a subsisting mortgage at maturity, and there was a foreclosure and sale, to which the subsequent purchaser was not made a party, but of which it was inferred, from his own allegations, he had notice, it was held that he could not sustain a bill to redeem against the purchaser at the sale under the foreclosure.

Error from Cameron.    The petition of the plaintiff contained the following : " Your petitioner most humbly sheweth " unto your honor, that when the trial of said cause of Turner " & Renshaw against the said Robert B. Kingsbury came on " for trial at the last Term of your honorable Court, in this " county for the October Term, your petioner composed and " was one of the grand jurors whose duty it was to inquire " and true presentments make, of all breaches and viola- " tions of the laws of this State, which had been commit- " ted in the body of the county of Cameron, and consequent- " ly could not be present to make his defence, nor had he " an attorney to represent him in said cause and to shew to " your honor the good reasons why judgment should not be

" rendered and the lien and mortgage enforced, as prayed for " in Messrs. Turner & Renshaw's petition. Your petitioner " further respectfully represents, that not until a short time " since did he know or believe that your honor had reached " said cause at the October Term of your honorable Court, " which was held for Cameron county last fall. Your petitioner " further respectfully represents that near the close of the ses- " sion of said Court, held in and for said county, he, the said " Felix, was taken seriously ill and was confined to his bed, " and medical services required, and he was so confined un- " til your honorable Court was adjourned *sine die*. Your pe- " titioner has ever since said adjournment been informed that " your honor did not reach half the cases on the docket, there " being so many, and that he was always firmly of the opin- " ion this cause was one among the number not reached, and " cotinued in said belief until some short time since, when he " noticed in the public journal of the day, or rather the "Amer- " ican Flag," a newspaper published in Brownsville, the Sher- " iff's notice to the public, that on the first Tuesday of the " present month of January, he would expose my home- " stead," &c.

Maxan had been named as a party defendant in the case of Turner & Renshaw v. Kingsbury, and it was prayed " that " the said Felix Maxan be cited to show cause why said mort- " gage should not be foreclosed." Maxan was not cited; Kingsbury appeared " in his own proper person," and denied all and singular, &c. The petition was filed August 29th, 1849, and judgment was rendered on the 11th of October, 1849.

The original petition, in this case, was filed January 16th, 1850. The original petition and first series of amendments went upon the ground that the sale was void for fraud, and because the said Maxan had not been made a party; it charg- ed collusion between Webb, the Sheriff and his Deputy; and that the purchase money had not been paid; alleged that the Sheriff consented to postpone the sale until the next sale day, and accepted a bond from Maxan for the forthcoming of the

property; that the property was Kingsbury's homestead, at the date of the mortgage, and that Mrs. Kingsbury had not joined in the mortgage; that the sale was not made at the Court house door, &c., &c. On the coming in of the answers of the defendants, the injunction was on motion dissolved. Plaintiff thereupon took leave to amend and filed an amendment in which he prayed to be permitted to redeem the property, as a purchaser under the mortgage, alleging that "when "the aforesaid suit was commenced by Turner & Renshaw "against Robert B. Kingsbury, they well knew he was not in "possession of the aforesaid lot of ground and premises, but "that your petitioner was in open and quiet possession, yet no "citation, or notice, or demand was ever made or served on "him, whereby he could know what proceedings were being "had, and a judgment was given against said Kingsbury, by "his consent and agreement with said Turner & Renshaw." This amendment re-iterated the objections to the validity of the proceedings. and sale, which had been made in the petition and previous amendments. This amendment made the mortgage deed to Maxan, and the record in the case of Turner & Renshaw exhibits. Under the order of the Court, the amount of the mortgage and interest was deposited by Maxan in the Branch of the Commercial and Agricultural Bank at Brownsville. The answers of the defendants to all of the plaintiff's allegations, were denials general and special, and the allegation that Maxan had actual notice of the suit of Turner & Renshaw v. Kingsbury, and failed and refused to intervene, as he should have done, if his rights were involved.

There was no statement of facts. There was a bill of exceptions as follows:

"Be it remembered that at a Term of the Honorable District Court, begun and holden in and for the county of Cameron, State of Texas, on the eighth Monday after the first "Monday in September, A. D., eighteen hundred and fifty, at "the city of Brownsville, A. W. Arrington, District Judge, "then and there presiding, the cause wherein Felix Maxan is

" plaintiff, and M. M. Stevens, and others, are defendants,
" coming on to be heard, without the intervention of a jury,
" the parties having waived the right to trial by jury, upon
" the documentary evidence, to wit: Copy of the record of
" the suit No. 60, upon the District Court docket, entitled
" S. Turner and Henry Renshaw v. Robert B. Kingsbury,
" with copy of Sheriff's deed to John Webb, and copy of sale
" of said property, by said Kingsbury to said Maxan, dated
" July 28th, 1849, the Court then and there decided, that as
" the said Felix Maxan was not made a party defendant in
" the suit of Turner & Renshaw v. Kingsbury, the Sheriff's
" sale of the mortgaged property, described in the pleadings,
" to John Webb, was null and void, as to the said Maxan,
" and that said Maxan, as the vendee of the said R. B. Kings-
" bury, mortgagor, was entitled to redeem the said property,
" thus mortgaged, he having paid the mortgage debt and in-
" terest into Court, to which opinion of the Court, the defend-
" ants, by their attorneys except, and tender this their bill of
" exceptions, which they pray may be signed by the Court," &c.
The other facts will be found in the opinion of the Court.

*J. Denison*, for appellants. I. The Court below erred in
rendering the decree in this cause, without having the neces-
sary parties before it. (Story's Equity Pleading, Sec. 72 and
73.)

II. The decree is manifestly erroneous in that it does not in
any manner secure to the defendant Webb, the money bid and
paid out in good faith, at the Sheriff's sale, and in that the
said defendant Webb is required to convey to Maxan all his
interest acquired at said sale, without the purchase money
being refunded.

III. The decree is erroneous, because it leaves the sum of
money bid and paid out by Webb, in the hands of the Sheriff,
unadjudicated. All the rights and equities of all the par-
ties, in reference to the subject matter of the suit, should have
85

been adjudicated. (Story's Equity Pleading, Section 72, p. 85.)

IV. The petitioner in the Court below does not show himself entitled to relief, and does not bring himself within the rules of equity :

1st. In seeking to redeem, he should have tendered the sum due, upon the mortgage, with interest and costs.

2nd. In seeking relief against Webb, he should have tendered the purchase money and interest. The legal disposition of the purchase money at the Sheriff's sale is first to pay the mortgage debt, interest and costs, and the balance Maxan was legally entitled to, as the holder of the legal title of the mortgaged property. (18 Johns. R. 543, Beekman v. Goddard.)

V. The Court erred in rendering a decree against defendant below. The record states that Maxan had covenanted to pay the mortgage, and that he knew of the pendency of the suit to foreclose, and by the law he had a right to intervene, and his permitting judgment to be rendered under these circumstances, precludes him from the relief asked for. Maxan had full opportunity to appear and vindicate his rights. (Legg v. McNeill, 2 Tex. R. 428 ; Hart. Dig. Art. 2503.)

VI. If Maxan had not been made a party to the suit for foreclosure, under the laws of Texas, the decree for foreclosure would have been binding upon him.

VII. It appears from the record, that Maxan was made a party to the suit for foreclosure, and although there is no evidence of service upon him, still when the decree is attacked collaterally, every thing must be presumed in favor of the jurisdiction of the Court rendering the decree. The only way for Maxan to take advantage of errors in the decree for foreclosure would be by direct appeal or writ of error. (Southerland v. De Leon, 1 Tex. R. 250 ; Denison v. Ingram, Dallam, 519.)

*R. Garland,* for defendant in error. There are various causes assigned why the pretended Sheriff's sale was illegal. First. It was not made before the door of the Court House.

It was made at a little house in the back part of the town of Brownsville, where the County Clerk had his office, and where no Court had ever been held. (Hart. Dig. Art. 1292.)

The whole proceedings in obtaining the judgment of foreclosure of the mortgage are illegal, null and void. Maxan was the third possessor of the property mortgaged; Turner and Renshaw knew it and made him a party in their petition, but never had him cited. They proceeded against Kingsbury alone, six months after he was out of possession. For the appellee, it is alleged, it is indispensable to make the vendee or vendees of a mortgagor, who possess in good faith, parties to the action to foreclose a mortgage; particularly where the facts are known to the mortgagees.

This case was not dismissed as to Maxan, when the judgment was taken against Kingsbury, and so far as the record shows, is still in the District Court against him.

Maxan claims the equity of redemption to which he is entitled, and has long since paid into Court, the amount of the debt and interest owing to Turner and Renshaw.

*W. Alexander*, also, for defendant in error. There is no statement of facts in the record, and the bill of exceptions does not show that it contains all of the evidence adduced upon the trial.

The mortgage, executed by Kingsbury in favor of Turner and Renshaw, did not convey the legal title of the lot to them. It only gave them a lien enforceable against the lot by suit for foreclosure against the holder of the legal title. (Sampson v. Williamson and Wife, (last Term;) Fuller v. Van Geeson, 4 Hill's N. Y. R. 171; Watson v. Spence, 20 Wendell, 260; 4 Kent's Com., 162.)

Maxon having acquired the legal title to the lot before suit was brought against his vendor Kingsbury, and having been named in the petition along with Kingsbury as a defendant, though no process issued against him and he did not appear and is not named in the decree for foreclosure, (against Kings-

bury,) was not affected by that decree. (5th Stat., 84, Sec. 10; Toler & Crosby v. Ayres, 1 Tex. R. 399; Legg v. Mc-Neill, 2 Tex. R. 428; Hall & Jackson v. Jones, 3 Tex. R. 310; Story's Eq. Pl. Sec. 72; 1 McCord's Ch. R. 221; 10 Paige, 409; 3 Johns. R. 459; 4 Kent's Com. 185, 186; Id. 162; Goodloe v. Gray's Ex'r, decided at this Term.)

The legal title to the lot having been acquired by Maxan by deed from Kingsbury and wife, before suit was commenced by Turner and Renshaw against Kingsbury to foreclose, and no legal effort to foreclose having been made against him, it is clear that the Court below did not err in making a decree permitting him to pay off the incumbrance and remove the cloud or color of title or suppositious lien from his legal title. The debt due to Turner nnd Renshaw having been extinguished by the payment made by Webb and the mortgage never having been assigned to Webb by Turner and Renshaw, he has no title legal or equitable to the lot. The Sheriff's deed to him could at the most only amount to a color of title—a cloud upon Maxan's title.

LIPSCOMB, J.   The appellee was purchaser of a lot of ground and the improvements thereon, in the town of Brownsville, from Kingsbury and wife.   Kingsbury, before his sale to Maxan, had given a mortgage lien on the same property to Turner & Renshaw, to secure the payment of a promissory note he had given to them for fourteen hundred dollars.   And the deed from Kingsbury and wife to the appellee, Maxan, makes particular reference to the note due to Turner & Renshaw, and to the mortgage given to secure its payment, and the condition is imposed, that Maxan, the vendee, shall pay that note at its maturity.   The note not being paid at its maturity, Turner & Renshaw commenced suit upon it, in the District Court of Cameron county, and prayed for judgment on the note, and for a decree enforcing their lien, secured by the mortgage; and there was a judgment and decree, according to the prayer of the petition; and the property, after

being duly advertised, was sold under the decree of the Court, and Webb became the purchaser for the sum of two thousand dollars, and received the Sheriff's deed, executed by Mitchell, the lawful Deputy Sheriff, in the name of Stephens, the Sheriff.

The appellee applied for and obtained an injunction, enjoining the Sheriff and Mitchell, his Deputy, and Webb, the purchaser, from disturbing him in his possession. In his petition, he sets out much that is wholly irrelevant, and cannot be expected to claim the attention of this Court. He alleges fraud in obtaining the decree, and that he had no notice of the suit for the foreclosure of the mortgage, until he saw the Sheriff's advertisement for the sale of the property under the decree of the Court in favor of Turner and Renshaw. He, however, shows in his petition, that he did know of the pendency of the suit; but alleges that he did not suppose, that it would be reached upon the docket, and being a member of the grand jury at that Term, he did not give it his attention, being occupied by his duties as a grand juror. He alleges that after seeing the Sheriff's advertisement, he immediately made application to the District Judge to enjoin the sale, but that he received no return from the Judge on this his first application for an injunction. The appellants answered the petition, denying all fraud, and alleging that the sale had been conducted according to law, and with perfect fairness. The appellee then filed his petition, that must be regarded and was considered in the Court below, as an amendment, praying to bring the amount secured by the mortgage into Court, and to be permitted to have the same applied, by way of redeeming the property. On the final hearing, the Court set aside the sale, and allowed the petitioner to redeem the property from the mortgage incumbrance. And the defendants in the Court below, appealed, and ask that the decree shall be reversed. The final hearing, as stated in the decree, was upon the petition, amended petition, the answers and the documentary evidence; and the Court rested its decree upon the assumed

fact, that " all the proceedings, in the suit of Turner & Ren-
"shaw against Kingsbury, in this Court, being number sixty
" on the docket and files of this Court, and all the proceedings
" had under the said judgment, so far as concerns Felix Max-
" an, the plaintiff, are illegal and void."

It is supposed that the Judge arrived at this conclusion,
because Maxan was not made a party to the suit for the fore-
closure of the mortgage, and it is admitted, that as a subse-
quent incumbrancer, he ought to have been made a party, if
the fact of his being such subsequent incumbrancer was known
to the mortgagee. (Hall, adm'x v. Hall, et al., decided at
the present Term, Ante.) There is, however, nothing in the
record, to show that the mortgagee, at the time of the com-
mencement of his suit to foreclose his mortgage, knew of this
subsequent incumbrance; and there is no evidence that the
mortgagor had left the possession of the mortgaged premises;
and the inference is fair, that he was in possession, when the
suit was brought. The suit was commenced for the foreclo-
sure of the mortgage 29th August, A. D., 1849. The pur-
chase of the mortgaged premises, by Maxan, from the mort-
gagor, was on the 28th July, A. D., 1849, only one month
before the commencement of the suit to foreclose the mort-
gage; and there is an express reservation in the deed from
Kingsbury and wife to Maxan, of the possession until the 1st
day of September, then next ensuing, and further until an in-
stalment stipulated for was paid, of the purchase money.
Had there been proof that the mortgagor had left the pre-
mises, and let another in possession, or such fact had been a
matter of so much notoriety, that it would be presumed the
mortgagee was advised of the fact, it might have been insisted
that the new possessor should have been made a party in the
suit. If a subsequent incumbrancer is known, and not made a
party to the foreclosure, he will not be deprived of any equit-
able defence, he might have, against the mortgage; and the
object of making him a party is, to enable him to make such
defence, by showing that the mortgage·was invalid, or had

been released or the money or part thereof, which was secured by the mortgage, had been paid, or that the mortgagee had in his possession a fund belonging to the mortgagor, that in equity ought to be applied to the satisfaction of the lien, or any other valid defence. (See Hall v. Hall, *Ante*.)

The purchaser in this case, was estopped from denying the validity of the mortgage, or the amount due at the time of his purchase, because it was made a part of the consideration of his purchase, that he should pay off the debt and cancel the mortgage. He has not alleged that the debt or any part thereof, had been paid or released, subsequent to his purchase. Add to this his acknowledgment that he knew of the pendency of the suit, and of the intended sale, it would seem that he would have had no equitable grounds of relief, even if, in point of practice, he ought to have been made a party; because it does not appear that he had lost any advantage or available defence, that he could have claimed, had he been a party. We believe, therefore, that the Court erred in setting the sale aside, and the decree is therefore reversed, and the cause ordered to be dismissed at the costs of the appellee.

Reversed and dismissed.