## WALTON v. STINSON et al.

### No. 12851.

Court of Civil Appeals of Texas. Dallas.
March 30, 1940.

Rehearing Denied May 11, 1940.

W. E. Pinkston and W. L. Curtis, both of Dallas, for appellant.

Lively, Dougherty & Alexander, of Dallas, for appellees.

BOND, Chief Justice.

This appeal is from a plaintiffs' judgment in an action of trespass to try title. To such a suit, filed by Jeff D. Stinson and Claude C. Westerfeld against Wash Walton, the latter answered by a plea of not guilty, and the three, five, ten, and twenty-five year statute of limitation; also interposing a cross action against plaintiffs, asserting title to an acreage which included the land described in plaintiff's petition. Defendant claimed ownership of the entire realty, with peaceable, adverse possession thereof for more than twenty-five years, holding under recorded deed or deeds; and for damages in the sum

of $10,000, the value of six houses situated on the property, alleged to have been destroyed. All issues being properly joined, the case proceeded to a jury trial, when, after submission of evidence, the court ruled that no issues of fact appeared, and withdrew the case from the jury. Thereafter, judgment was rendered for plaintiffs as prayed, and against the defendant on his cross action.

The present litigation grew out of cause No. 24797-A in the County Court of Dallas County at Law, styled A. L. Moody v. Wisdom et al., wherein Moody secured judgment for $268, with interest. Execution issued, was placed with the constable and the property here involved sold on September 8, 1917. An insufficient amount was realized to satisfy the judgment, and thereafter, on August 23, 1926, the same was duly abstracted. Later, cause No. 41551-A/D, O. L. Moody v. Wash Walton, was filed in the 95th District Court of Dallas County, to foreclose the judgment lien on the same property; a jury trial and verdict on many issues resulted in another judgment of date January 10, 1931, under which such property was sold by sheriff's deed to plaintiff Stinson, on February 2, 1932. The judgment in cause No. 41551-D recites that the credit given in the county court case, No. 24797-A, by virtue of the sale in 1917, was canceled and held for naught. The statement of facts herein sets forth the jury verdict in the district court case, No. 41551-D, issues 19 and 20 being:

"(19) From a preponderance of the evidence before you, how much principal and interest do you find and believe there would now be due upon the judgment obtained by the plaintiff, O. L. Moody, against the defendant, Wash Walton, in the county court case of Moody v. Wisdom in the event no credits have been made upon said judgment; and in answering this question you are instructed that you cannot find more than $483.74. Answer in dollars and cents. Answer: No Dollars, no cents.

"(20) Do you find and believe from a preponderance of the evidence before you that the three acres of land described in the petition of plaintiff, O. L. Moody, is now the homestead of the defendant, Wash Walton? Your answer to this issue will be No. Answer: No."

The court's decree in the suit just referred to established a judgment lien for the amount of $483.74, and foreclosed same, in part reciting: "It is therefore ordered, adjudged and decreed by the court that the judgment lien as it existed July 22nd, 1927, and as it has at any and all times since existed upon the above mentioned land hereinafter fully described be and the same is hereby recognized, established and foreclosed and the clerk of this court is hereby ordered and directed to issue an order of sale directed to the sheriff or any constable of Dallas County commanding him to seize and sell the said tract of land as under execution and he is directed to apply the proceeds thereof to the payment and satisfaction of the said sum of $483.74, together with all interest that may hereafter be due thereon as aforesaid, and the costs of this suit, and if the said land shall sell for more than sufficient to pay off and satisfy said sum of money then the said officer is directed to pay over the excess to the defendant, Wash Walton, unless otherwise hereinafter provided."

Appellant here contends, (1) that the judgment in cause No. 41551-D, O. L. Moody v. Wash Walton, is wholly void perforce of the jury answer—"No Dollars, no cents.", to the issue No. 19 above; the court fixing a judgment lien for $483.74 in the face of issue 19, and without setting same aside; (2) the original county court judgment being abstracted August 23, 1926, at a time when the property was indisputably homestead, no judgment lien was fixed, nor could one attach upon the granting of divorce to Ellen Walton from Wash Walton, defendant (July 22, 1927), or thereafter; (3) plaintiffs neither plead nor proved any title, facts or circumstances that would interrupt the running of limitation under said Walton's peaceable and adverse possession for ten and twenty-five years. Vernon's Ann.Civ.St. arts. 5510, 5519.

The following conclusions are obvious: That in cause 41551-D, the 95th District Court had jurisdiction of the parties and subject matter involved; that the judgment offered in evidence was a final judgment in said cause, as recorded in the court minutes; and that the present cross action of appellant Walton constitutes a collateral attack upon that judgment. But appellant argues that the particular judgment in cause No. 41551-D is void on its face, and subject to secondary attack, because contrary to and in conflict with jury issue No. 19 incorporated

into and made a part of such final order. Hence, the single inquiry here is, Did the court render a wholly invalid judgment by disregarding issue 19 and the jury answer thereto?

In order for a judgment to be subject to a collateral attack, it must be absolutely void; if merely voidable, such an instrument must be assailed in a direct proceeding. 25 Tex.Jur., Judgments, secs. 252, 278, pp. 687, 688, 738, 739. And in Crow v. Van Ness, Tex.Civ.App., 232 S. W. 539, 541, is quoted the equally well-settled rule from Freeman on Judgments: "If a judgment is void it must be from one or more of the following causes: (1) Want of jurisdiction over the subject-matter; (2) want of jurisdiction over the parties to the action, or some of them; (3) want of power to grant the relief contained in the judgment. In pronouncing judgments of the first and second class, the court acts without jurisdiction, while in those of the third class it acts in excess of jurisdiction." The pleadings in cause No. 41551 are not a part of this record, in the absence of which, we cannot hold that the 95th District Court should have either rendered judgment on the jury verdict (including issue 19), or granted a new trial, Art. 2209, R.S.; or that it acted in excess of its jurisdiction by disregarding said issue in rendering judgment. Even before the existence of present Art. 2211, R.S., Vernon's Ann.Civ.St. art. 2211, courts in certain cases were authorized to render judgments, notwithstanding the verdict. This well recognized exception was applied in Vogel v. Allen, 118 Tex. 196, 13 S.W.2d 340, 341, in the statement, "* * * that where, under no view of the pleadings and evidence, the plaintiff is entitled to recover, the submission of the issues and the findings of the jury are immaterial, and may be disregarded by the court." (Citing many authorities.) An immaterial issue may be ignored by the court in rendering judgment. Miller v. Lemm, Tex.Com.App., 276 S.W. 211; and in Fant v. Sullivan, Tex.Civ.App., 152 S.W. 515, 524, writ refused, the court said: " * * * the mere fact that the judgment itself recites that the court ren-

dered same notwithstanding the verdict would not render such judgment void." So, in cause No. 41551, there were several contingencies under which the court had jurisdiction to render judgment in the face of issue 19. An erroneous judgment may have followed, voidable on direct attack, but the particular judgment was not wholly void so as to be susceptible to collateral attack. The authorities relied on by appellant involve direct appeals, and, as stated in 25 Tex.Jur., supra, p. 739, "* * * many errors which would be fatal to the judgment on a direct attack are wholly immaterial on a collateral attack. And decisions holding a judgment to be void on a direct attack are not authorities on a collateral attack."

Appellant's succeeding proposition is to the effect that on and prior to August 23, 1926, the property in question was undeniably homestead, hence the abstracting of the Moody judgment on said date was a void act; and the judgment in cause 41551, attempting to declare a lien to exist from and after July 22, 1927, was void. The jury found in said cause (41551) that on January 10, 1931, the property in suit was not the homestead of defendant Wash Walton. A duly recorded judgment lien against the owner of land which is exempt will, however, attach to the property when it ceases to be a homestead, if, at such time, it is still owned by the judgment debtor. Marks v. Bell, 10 Tex.Civ.App. 587, 31 S.W. 699, writ refused; Glasscock v. Stringer, Tex. Civ.App., 33 S.W. 677, writ refused.

Neither can the homestead question be re-litigated in this subsequent and collateral suit. The issue was both raised and adjudicated in the aforementioned litigation, the judgment in which is conclusive between the parties and their privies. Defendants' claim of limitation is ineffectual. The statutes invoked would not begin to run until after date of sheriff's deed to plaintiff,—February 2, 1932.

We conclude the contentions of appellant should be overruled and, therefore, affirm the judgment of the trial court.

Affirmed.