**EAGLE LUMBER COMPANY, Appellant,**

v.

**Hilda May TRAINHAM, Appellee.**

No. 14059.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 20, 1963.

Rehearing Denied March 20, 1963.

Lowrey & Foster, Del Rio, for appellant.

Newton & Newton, Del Rio, for appellee.

BARROW, Justice.

Eagle Lumber Company appeals from a summary judgment granted Hilda May Trainham, removing any cloud cast upon her separate property by two judgment liens duly filed by appellant in the records of Val Verde County, Texas. The question presented is whether the property was conveyed to her as her separate property before the property lost its homestead exemption by the granting of divorce. The facts are not in dispute and both parties made motions for summary judgment based upon an agreed stipulation of the parties.

Glenn C. Trainham divorced Hilda May Trainham in Dallas County on July 6, 1960. Prior thereto the property in question was the homestead of these two parties. They had no children. It is conceded by appellee that this divorce decree destroyed the homestead status and that appellant's judgment liens attached to the land when it ceased to be a homestead, unless it was appellee's separate property at the time. Bahn v. Starcke, 89 Tex. 203, 34 S.W. 103; Marks v. Bell, 10 Tex.Civ.App. 587, 31 S. W. 699, writ ref.; Walton v. Stinson, Tex. Civ.App., 140 S.W.2d 497, wr. ref.

Appellee asserts that the divorce decree vested title to the property in her as her separate estate. Prior to April 5, 1960, appellant duly recorded two judgment liens in Val Verde County on judgments owed by Glenn C. Trainham. On April 5, 1960, Trainham filed his divorce petition and alleged that he would convey all his inter--

est in the property to his wife, Hilda May Trainham. The time of his proposed conveyance was not alleged. On April 20, 1960, Trainham executed a deed conveying the property to Hilda May Trainham as her separate property, and gave it to his attorney in Dallas. Mrs. Trainham's attorney in Del Rio was then advised that Trainham's attorney was authorized to deliver the deed when the divorce was granted. On July 6, 1960, the divorce decree was entered. It provided in part: "The Court further finds that the parties hereto have settled their community property rights." No mention was made in the decree, either directly or by reference, of a property settlement agreement. The parties stipulated that on July 6, 1960, the record title to the property was in Glenn C. Trainham, and it remained so until the deed to Hilda May Trainham was recorded on July 12, 1960. They further stipulated that Eagle Lumber Company had no notice of this deed until July 12, 1960.

It is well settled that the lien of a judgment creditor takes precedence over a prior unrecorded deed, unless the judgment creditor has notice of the deed at or before the time his lien was fixed upon the land. Turner v. Cochran, 94 Tex. 480, 61 S.W. 923; McDonald v. Powell Lumber Co., Tex.Civ.App., 243 S.W.2d 192, writ ref. Appellee admits that appellant had no notice of the deed prior to abandonment of the homestead by the divorce, but asserts that the divorce decree conveyed the property to her as her separate property. Article 4638, Vernon's Ann.Civ.Stats., authorizes the trial court on granting a divorce, to partition the estate of the parties. The trial court may partition the homestead at such time and it would not be subject to a forced sale by creditors. Richey v. Hare, 41 Tex. 336; Franks v. Franks, Tex.Civ.App., 138 S.W. 1110, writ ref. Further, a partition of the community estate may be accomplished by a property settlement agreement. Adams v. Adams, Tex.Civ.App., 214 S.W.2d 856, no writ history. If incorporated in the decree, a property settlement agreement is held to have the same force and effect as any other judgment, and in the absence of fraud or mistake is binding between the parties thereto and their privies, and stands as a final disposition of the rights of the parties. Roberts v. Southwestern Life Ins. Co., Tex.Civ.App., 244 S.W.2d 302, writ ref., n. r. e.; Beam v. Southwestern Bell Tel. Co., Tex.Civ.App., 164 S.W.2d 412, writ ref., want of merit.

We do not believe, however, that the divorce decree entered in this case passed title to appellee, Hilda May Trainham. The property settlement agreement was not incorporated, directly or even by reference, in the decree and it would be impossible for a third party to ascertain from the decree which party was to receive the property. The allegation in the petition merely evidences an intention to convey the land to Hilda May Trainham. The conveyance is not a part of the divorce decree. The decree simply recites that the property matters were not in issue before the trial court. Upon entry of the decree, the homestead was abandoned and appellant's judgment liens attached.

The judgment of the trial court is reversed and rendered that Eagle Lumber Company have foreclosure of its judgment liens.