**Mark D. GENSHEIMER, Appellant,**

v.

**Kevin KNEISLEY, Appellee.**

**No. 9762.**

Court of Appeals of Texas, Texarkana.

Sept. 12, 1989.

Michael Allen Peters, Houston, for appellant.

Eugene J. Pitman, DeLange, Hudspeth, Pitman & Katz, Houston, for appellee.

BLEIL, Justice.

Mark Gensheimer appeals an adverse summary judgment in a trespass to try title suit. We determine that the summary judgment was properly granted and affirm.

On September 9, 1985, Kevin Kneisley obtained a judgment in the amount of $124,895.90 against Gilbert Beall. The judgment established a constructive trust and lien against property owned by Beall and his wife, Vivian Beall, located at 3711 Cherry Forest in Houston, ordered a foreclosure of the lien, and ordered the sale of the property to satisfy the judgment. Authorities sold the property at foreclosure and deeded the property to Kneisley.

On October 28, 1985, Kneisley recorded an abstract of this judgment. In the meantime, Gilbert and Vivian Beall had executed a general warranty deed on the same property to Gensheimer. Gensheimer's deed was dated May 15, 1985, but was not recorded until October 29, 1985, one day after Kneisley recorded his abstract of judgment. Kneisley sued Gensheimer, who had allegedly been occupying the property, claiming superior title.

In reviewing a summary judgment record, we apply certain rules. First, the movant has the burden to show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; second, in deciding whether there

is a disputed material fact issue precluding summary judgment, we take as true evidence favorable to the nonmovant; and third, every reasonable inference is indulged in favor of the nonmovant and any doubts resolved in his favor. *Griffin v. Rowden,* 654 S.W.2d 435, 435–36 (Tex. 1983); *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589, 592–93 (Tex. 1975); Tex.R.Civ.P. 166a.

Gensheimer contends that the trial court erred in granting Kneisley's amended motion for summary judgment because some of the exhibits attached to the initial motion for summary judgment were not physically attached to the amended motion for summary judgment, but were instead incorporated by reference. However, Gensheimer failed to object on this ground at the trial level, and thus did not preserve error, if any, on appeal. Any issues not presented to the trial court by written motion, answer, or other response cannot be considered on appeal as grounds for reversal. *McIntire v. McIntire,* 702 S.W.2d 284, 286 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); Tex.R.Civ.P. 166a(c). Further, defects in the form of a movant's proof are waived by failure to except in writing to the motion for summary judgment or the affidavit accompanying the motion prior to the entry of judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677 (Tex.1979); Tex.R.Civ.P. 166a(e).

Moreover, Gensheimer's argument fails on the merits. Documents on file in a case are proper summary judgment proof when referred to or incorporated in a motion for summary judgment. The evidence is not required to be physically attached to the motion for summary judgment. The only requirement for summary judgment proof is that it be on file, either independently or as a part of the motion for summary judgment, the reply thereto, or some other properly filed instrument. *Richards v. Allen,* 402 S.W.2d 158, 161 (Tex.1966); *McCurry v. Aetna Casualty and Surety Company,* 742 S.W.2d 863 (Tex.App.—Corpus Christi 1987, writ denied); *Stewart v. United States Leasing Corporation,* 702 S.W.2d 288, 290 (Tex. App.—Houston [1st Dist.] 1985, no writ).

Gensheimer further maintains that the trial court erred in granting Kneisley's summary judgment because the abstract of the judgment acquired by Kneisley against Gilbert Beall failed to include Vivian Beall's name. Since her name was not included on the judgment, Gensheimer argues, no lien exists on the property; alternatively, if a lien exists at all, it is only as to the community one-half interest of Gilbert Beall. Tex.Prop.Code Ann. § 52.004(b)(2) (Vernon 1984) provides that an abstract of judgment must be recorded and indexed alphabetically showing the name of each defendant in the *judgment.* No requirement exists that an abstract show the names of the parties to the suit or the names of the defendants in the suit; the only requirement is that the defendants against whom a judgment was taken be listed. *Womack v. Paris Grocer Co.,* 166 S.W.2d 366, 368 (Tex.Civ.App.—Galveston 1942), *writ ref'd,* 140 Tex. 423, 168 S.W.2d 645 (1943). Although Vivian Beall was named as a party, the judgment was taken only against Gilbert Beall. The abstract of the judgment shows the name of the party against whom the judgment was taken—Gilbert Beall—as required by Section 52.-004(b)(2). Community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred before or during marriage. Tex.Fam.Code Ann. § 5.61(c) (Vernon 1975). Therefore, the abstract of judgment against Gilbert Beall constituted a valid lien against the entirety of the property held in community by Gilbert and Vivian Beall.

Kneisley's judgment against Beall was on file when Gensheimer recorded his deed from Beall. Kneisley recorded first, on October 28, 1985; Gensheimer's deed from Beall, dated May 15, 1985, was not *recorded* until October 29, 1985. A lien of a judgment creditor who has fixed a lien upon real estate by abstracting a judgment takes precedence over a prior unrecorded deed executed by the judgment debtor, unless the creditor has notice of the unrecord-

ed deed at or before the time the lien was fixed on the land. *TPEA No. 5 Credit Union v. Solis*, 605 S.W.2d 381, 383 (Tex. Civ.App.—Waco 1980, no writ); *Bova v. Wyatt*, 140 S.W.2d 601, 602 (Tex.Civ.App.—Galveston 1940, writ ref'd); Tex.Prop.Code Ann. § 13.001 (Vernon 1984). Kneisley stated by affidavit that he had no knowledge or notice of a deed dated May 15, 1985. Gensheimer did not controvert this fact. A valid lien against the property was established and foreclosed upon, and Kneisley's recorded judgment lien takes precedence over Gensheimer's prior unrecorded warranty deed, thus vesting superior title to the property in Kneisley.

Nevertheless, Gensheimer also complains that the trial court erred in granting judgment because a fact issue exists as to whether Kneisley had knowledge of the warranty deed dated May 15, 1985, from the Bealls to Gensheimer. When Kneisley abstracted his judgment on October 28, 1985, Gensheimer's warranty deed was not in his chain of title, since it was not recorded until the following day. An unrecorded deed does not give constructive notice. *White v. McGregor*, 92 Tex. 556, 50 S.W. 564 (1899). Kneisley's uncontroverted affidavit established that he had no actual knowledge or notice of the deed.

We overrule all points of error and affirm.