INTERTEX, INC., Appellant,

v.

Kevin KNEISLEY, Janice Pucci and Todd Pucci, Appellees.

No. B14–91–00031–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Motion for Rehearing Overruled and Opinion of May 14, 1992 Withdrawn.

Reversed and Rendered and Opinion on Rehearing filed Aug. 13, 1992.

Rehearing Denied Sept. 3, 1992.

Vincent Bustamante, Houston, for appellant.

Susan J. Taylor, Eugene J. Pitman, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from a take-nothing judgment against the appellant, Intertex, Inc. Appellant brought a suit to try title in the County Court at Law seeking the court's determination of the ownership of real property. The trial court entered a take-nothing judgment against the appellant and this appeal follows. In four points of error, the appellant alleges that the trial court erred in entering a take-nothing judgment because it asserts that it was a properly attached creditor on non-homestead property. We reverse and render.

The parties stipulated at trial that Gilbert and Vivian Beall resided at the property and claimed it as their homestead until at least December 15, 1984. By the summer of 1984, Kevin and Kameron Kneisley as well as Mr. Hawley sought a refund of monies they had advanced to Mr. Beall. Mr. Hawley immediately brought suit against Mr. Beall and received a judgment in his favor on September 15, 1984 which was recorded in the property records on October 5, 1984. Subsequently, the Bealls sold the property on May 15, 1985 to Mark D. Gensheimer; however, this deed was not recorded until October 29, 1985. During that time lapse, Kevin and Kameron Kneisley filed suit against Mr. Beall on May 28, 1985 to recover their money. Mr. Hawley was not made a party to this suit. A default judgment was taken against Mr. Beall on September 9, 1985 by the Kneisleys. The default judgment granted a constructive trust on Mr. Beall's property in order to satisfy the judgment; it was filed in the property records on October 28,

1985, one day before the Gensheimer deed was recorded. The Kneisley judgment was executed by an order of sale on the property and Kevin and Kameron Kneisley bought the property at the sheriff's sale on November 5, 1985. They received a constable's deed on January 15, 1986 but did not record it until January 21, 1986.

On November 18, 1986, Kameron Kneisley conveyed his interest in the property to Kevin Kneisley and this conveyance was recorded in the property records on November 21, 1986. Two years later, Kevin Kneisley brought a suit to try title against Mr. Gensheimer. The trial court in that case granted summary judgment in favor of the plaintiff, Kevin Kneisley, on June 30, 1988 and the judgment was recorded on July 17, 1989. Upon appeal, it was held that Kevin Kneisley's recorded judgment lien on the property took precedent over Mr. Gensheimer's yet to be recorded warranty deed. *See Gensheimer v. Kneisley*, 778 S.W.2d 138, 140–41 (Tex.App.—Texarkana 1989, no writ).

On January 19, 1989, Mr. Hawley assigned his judgment to the appellant, Intertex, Inc., and such assignment was recorded on March 3, 1989. In April of that year, appellant purchased the property at a constable's sale pursuant to a Writ of Execution on the Hawley judgment. A deed was issued by the constable on May 8, 1989 but was not recorded until July 25, 1989. Appellant brought this suit to try title against Mr. Kevin Kneisley and joined Janice and Todd Pucci because they had possession of the property as Mr. Kneisley's tenants. In determining the title to the property, the trial court found that Mr. Hawley's judgment lien never attached because on October 5, 1984 when the judgment was recorded, the property was still the Bealls' homestead. Further, the court determined that Kevin Kneisley had a constructive trust upon the property pursuant to the September 9, 1985 judgment of the District Court.

In appellant's first three points of error, they allege that the trial court erred in its finding that Intertex's interest never attached to the Bealls' property because it remained homestead at the time it was

recorded. Appellant received its deed in 1989 through the foreclosure of a judgment lien which it obtained through an assignment from Mr. Hawley. Likewise, appellee Kevin and Kameron Kneisley obtained a deed to the property through a foreclosure sale in 1986. While the judgment lien through which appellee Kevin Kneisley obtained his constable's deed originated in 1985, the underlying judgment lien through which appellant obtained its deed originated in 1984.

■ The trial court found in its Findings of Fact and Conclusions of Law that the property remained the Bealls' homestead until it was conveyed by them to Mark Gensheimer. This conveyance was made on May 15, 1985. Upon this date, the property ceased being the Bealls' homestead and was therefore subject to attachment by creditors. The Texas case law is clear that a homestead property loses its homestead protection upon the death of the claimants, abandonment or alienation by them; however, subsequent purchasers may assert their predecessor's homestead protection against prior lienholders. *See, e.g., Posey v. Commercial National Bank,* 55 S.W.2d 515, 517 (Tex.Comm'n App.1932) (alienation of homestead rights). *See also Hoffman v. Love,* 494 S.W.2d 591, 594–95 (Tex.Civ. App.—Dallas 1973, writ ref'd n.r.e.); *Walton v. Stinson,* 140 S.W.2d 497, 499 (Tex. Civ.App.—Dallas 1940, writ ref'd). Nevertheless, the prior lienholder's interest will attach if there is a gap in between the time of alienation of the homestead and the recordation of the subsequent purchaser's interest. *See Hoffman,* 494 S.W.2d at 594.

■ The Bealls' alienated their homestead by sale to Mr. Gensheimer on May 15, 1985. Kevin and Kameron Kneisley's interest was not recorded until October 28, 1985 when the default judgment was recorded in the property records. Under these facts, the Hawley lien attached and gained priority over the Kneisleys' judgment during the time between May 15 and October 28 of 1985. Further, section 13.01 of the Texas Property Code provides that an unrecorded interest "is void as to a creditor ... unless the instrument has been

acknowledged, sworn to, or proved and *filed* for record as required by law." Tex. Prop.Code Ann. § 13.01(a) (Vernon Supp. 1992) (*emphasis added*). In this instance, the Kneisleys' interest was not recorded until well after the property lost its homestead status and the Hawley lien attached. Mr. Hawley attached his lien to the property upon the termination of its homestead status by previously recording an abstract of judgment in the property records on October 5, 1984. Therefore, the Hawley lien attached to the property after it ceased to be a homestead on May 15, 1985 but prior to the Kneisley interest being recorded on October 28, 1985.

■ In addition, the Hawley lien attached because Mr. Hawley was a prior creditor without notice of the subsequently created and unrecorded May 15, 1985 deed to Gensheimer. A judgment creditor's lien will take precedence over a prior unrecorded deed holder so long as the lien holder attaches before gaining notice of the outstanding unrecorded deed. *See, e.g., Gensheimer,* 778 S.W.2d at 140–41; *Tpea No. 5 Credit Union v. Solis,* 605 S.W.2d 381, 383 (Tex.Civ.App.—Waco 1980, no writ); *Eagle Lumber Co. v. Trainham,* 365 S.W.2d 702, 704 (Tex.Civ.App.—1963, writ ref'd n.r.e.). Mr. Hawley was therefore a properly attached creditor under Section 13.01 of the Property Code. Tex.Prop.Code Ann. § 13.- 01(a) (Vernon Supp.1992). Appellant is the current holder of the Hawley lien through an assignment of interest made on January 19, 1989. We find that appellant's judgment lien attached to the property at issue prior to appellee's interest. Therefore, the trial court erred in holding that appellant was not a properly attached creditor. Appellant's first three points of error are sustained.

■ Finally, appellant's fourth point of error asserts that the trial court erred in finding that Kevin Kneisley acquired title to the property under the foreclosure of a constructive trust. The constructive trust at issue arose out of the September 9, 1985 judgment of the Montgomery County district court. The rights of the holders of the Hawley lien were not established in this

prior suit. In order to adjudicate properly the rights of an individual and his or her interests, the person must be made a party to the suit so that they will have an opportunity to assert and protect their interests. *See, e.g., Pierson v. Pierson,* 136 Tex. 310, 150 S.W.2d 788 (Tex.Comm'n App.1941); *Hall v. Hall,* 11 Tex. 526 (1854); *Webb v. Maxan,* 11 Tex. 678 (1854). Intertex's predecessor in interest was not made a party to the prior suit which created a constructive trust. Therefore, its determinations do not affect the appellant's interests regardless of the fact that appellee's interest was equitable. While equitable interests are not subject to the strictures of the recording act, this rule does not supersede the basic requirement that a suit cannot adversely affect the rights of anyone who has not been made a party to the suit. *Id.* Appellant's fourth point of error is sustained.

The judgment of the trial court is reversed and the cause is rendered in favor of appellant.