Revised December 3, 1998

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-50003
_____

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

RUBEN H JOHNSON, ET AL,

                    Defendants,

PROPERTY TRADING INCORPORATED,

                    Defendant-Cross Defendant-Appellee,

v.

J HIRAM MOORE, LIMITED, A Texas Limited Partnership;

                    Defendant-Cross Plaintiff-Appellant,

LONGLEY & MAXWELL, LLP,

                    Defendant-Cross Plaintiff-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

December 2, 1998

Before KING, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

KING, Circuit Judge:

    Defendants-cross plaintiffs-appellants J. Hiram Moore,

Limited, and Longley & Maxwell, L.L.P., appeal the district

court's denial of their motion for summary judgment and grant of defendant-cross defendant-appellee Property Trading, Inc.'s motion for summary judgment. We affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are uncontested. In 1960, Ruben Johnson (Johnson) purchased a home in Austin, Travis County, Texas (the Property). Since that date, Johnson continuously has claimed the Property as his homestead and has resided in it except during a period of incarceration for a 1989 criminal conviction. In 1986, Davis & Davis, P.C. (Davis) obtained a judgment against Johnson and on December 24, 1986 recorded the abstract of judgment in Travis County. Davis assigned its interest in the judgment to Longley & Maxwell, L.L.P. (Longley), and Longley and J. Hiram Moore, Limited (Moore) now own the judgment.

On September 23, 1988, Johnson granted the Quadrillion Corporation an option to purchase the Property. That same day, Quadrillion assigned the option to Property Trading, Inc. (PTI). On August 3, 1989, PTI exercised the option and obtained a one-half undivided interest in the Property via a general warranty deed. PTI did not record the deed until October 28, 1992.

In 1995, the United States filed suit in federal district court for the Western District of Texas to obtain a court order allowing it to enforce an unsatisfied restitution lien, obtained as part of Johnson's 1989 conviction and sentence, by foreclosing

2

on the Property. The United States named as defendants Johnson, PTI, Longley, Moore, and others. In 1997, the district court granted the United States's motion to dismiss all its causes of action. The parties remaining in the case are appellants Longley and Moore and appellee PTI. Longley and Moore and PTI each claims an interest in the portion of the Property that Johnson sold to PTI. The issues remaining in the case concern only PTI's undivided one-half interest in the Property and not Johnson's ownership of the remainder. Of course, Texas law determines the parties' interests in the Property.

Longley and Moore filed a motion for partial summary judgment, and PTI filed a countermotion based on essentially the same facts. Longley and Moore alleged that under Texas property law, their judgment lien against Johnson attached to the undivided one-half interest in the Property conveyed to PTI during the period between August 3, 1989, when Johnson sold the one-half interest to PTI, and October 29, 1992, when PTI recorded its deed. PTI responded that Longley and Moore's lien never attached to the interest it received from Johnson and that its delay in recording the deed was of no consequence.

The motions for summary judgment were presented to a magistrate judge, who entered an interim report and recommendation determining that Longley and Moore's judgment lien did not attach to PTI's undivided one-half interest in the Property. Longley and Moore objected to the interim report. The

3

district court, however, entered an interlocutory order approving and accepting the report, denying Longley and Moore's motion for summary judgment, and granting PTI's countermotion for summary judgment. On November 20, 1997, the district court entered its final judgment disposing of all issues. Longley and Moore timely appealed.

## II.  STANDARD OF REVIEW

The standard of review for entry of summary judgment is de novo, see Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998), applying the same standards as the district court, see Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc., 831 F.2d 77, 79 (5th Cir. 1987). After consulting applicable law in order to ascertain the material factual issues, we consider the evidence bearing on those issues, viewing the facts and the inferences to be drawn therefrom in the light most favorable to the non-movant. See King v. Chide, 974 F.2d 653, 656 (5th Cir. 1992). Summary judgment is properly granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See FED. R. CIV. P. 56(c). We review the district court's determination of state law de novo. See Salve Regina College v. Russell, 499 U.S. 225, 239 (1991).

## III.  DISCUSSION

4

On appeal, Longley and Moore argue that the district court erred in denying their motion for summary judgment and granting PTI's countermotion for summary judgment. They point out that a recorded judgment gives the judgment holder a lien on all of the debtor's real property in the county where the judgment is recorded. See TEX. PROP. CODE ANN. § 52.001 (West 1995). Of course, such liens normally do not attach to homestead property. See TEX. CONST. art. XVI § 50. Longley and Moore contend, however, that judgment liens do attach to homestead property if the debtor conveys the property to a third party and there is a gap between the time of the conveyance and the recordation of the deed. Their argument depends primarily on the Texas recording statute, TEX. PROP. CODE ANN. § 13.001 (West 1984 & Supp. 1998), and Intertex, Inc. v. Kneisley, 837 S.W.2d 136 (Tex. App.--Houston [14th Dist.] 1992, writ denied). The recording statute provides in pertinent part:

> A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged or proved and filed for record as required by law.

5

TEX. PROP. CODE ANN. § 13.001 (West 1984).[1]  Longley and Moore
contend that the term "creditor" encompasses judgment creditors
and that Johnson's conveyance of the Property to PTI was
therefore void as to them because it was not recorded for over
three years, during which time Longley and Moore's lien attached.
Although Longley and Moore acknowledge that ordinarily, under
Texas law, a grantor can convey his homestead free and clear of
preexisting judgment liens, they argue that Intertex, a
controlling case, holds that such liens attach if there is a gap
period between the time of alienation and the time of recordation
of the subsequent purchaser's deed.

As a federal court sitting in a case governed by state
substantive law, we consider the holdings of the supreme court of
the state that furnishes the substantive law of the decision--
here, Texas--to be controlling precedent.  See Owen v. United
States, 935 F.2d 734, 738 (5th Cir. 1991).  In the absence of
Texas Supreme Court pronouncements, we generally defer to the
holdings of lesser state courts unless we are convinced by other

---

[1]  The current version of the recording statute, which
became effective on September 1, 1989, about a month after
Johnson's conveyance to PTI, is nearly identical to the earlier
one:

A conveyance of real property or an interest in real
property or a mortgage or deed of trust is void as to a
creditor or to a subsequent purchaser for a valuable
consideration without notice unless the instrument has been
acknowledged, sworn to, or proved and filed for record as
required by law.

TEX. PROP. CODE ANN. § 13.001 (West Supp. 1998).

evidence that the state law is otherwise.  See id. at 738-39.  In this case, there is no Texas Supreme Court opinion squarely addressing the effect of a delay in recording the deed to a valid homestead.  Nor is there a court of appeals case with a "writ refused" writ history, which has the same precedential value as an opinion of the Texas Supreme Court.[2]  See TEX. R. APP. P. 56.1(c); '21' Int'l Holdings, Inc. v. Westinghouse Elec. Corp., 856 S.W.2d 479, 483 (Tex. App.--San Antonio 1993, no writ).  We therefore look to lower state court decisions, but we do not defer to them if it appears from other evidence that they do not accurately reflect Texas law.

We begin our analysis by noting a few first principles. Under the Texas constitution, judgment liens on homestead property normally are not valid:

> The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon . . . . No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for purchase money therefor, or improvements made thereon . . . .

TEX. CONST. art. XVI § 50.  Judgment liens will attach, however, if the homestead ceases to be homestead property, for example if the debtor abandons it.  See In re Henderson, 18 F.3d 1305, 1308

_____

[2]  Before March 16, 1927, however, a court of appeals case with a "writ refused" writ history did not have the same precedential value as a Texas Supreme Court opinion.  See Ohler v. Trinity Portland Cement Co., 181 S.W.2d 120, 123 (Tex. Civ. App.--Galveston 1944, no writ).

(5th Cir. 1994); Exocet, Inc. v. Cordes, 815 S.W.2d 350, 351, 355 (Tex. App.--Austin 1991, no writ); Walton v. Stinson, 140 S.W.2d 497, 499 (Tex. Civ. App.--Dallas 1940, writ ref'd). Although alienation also terminates a homestead interest, see Resolution Trust Co. v. Olivarez, 29 F.3d 201, 206 (5th Cir. 1994), a grantee who acquires property that was a homestead at the time of the conveyance takes free and clear of a prior judgment lien.[3] See, e.g., Meyer v. Paxton, 14 S.W. 568, 568-69 (Tex. 1890); Black v. Epperson, 40 Tex. 162, 188 (1874); Hoffman v. Love, 494 S.W.2d 591, 594 (Tex. Civ. App.--Dallas 1973, writ ref'd n.r.e.); Englander Co. v. Kennedy, 424 S.W.2d 305, 309 (Tex. Civ. App.--Dallas 1968, writ ref'd n.r.e.); Soper v. Medford, 258 S.W.2d 118, 121 (Tex. Civ. App.--Eastland 1953, no writ); Johnson v. Echols, 21 S.W.2d 382, 384 (Tex. Civ. App.--Eastland 1929, writ ref'd); Howard v. Mayher, 88 S.W. 409, 410 (Tex. Civ. App. 1905, writ ref'd) ("The judgment lien was no impediment to a valid sale by the parties asserting the homestead right to a purchaser; and such purchaser, if he acquired the property at a time when the homestead right existed, would receive it unaffected by the judgment lien that might exist generally against the real estate

---

[3] This is true in spite of the fact that a recording statute nearly identical to the current version has been in effect for well over one hundred years. See TEX. PROP. CODE ANN. § 13.001 (West 1984); TEX. CIV. STAT. ANN. arts. 1289, 6627 (West 1980); Acts 1975, 64th Leg., ch. 353, § 14; 1911 TEX. REV. CIV. STAT. arts. 1104, 6824; 1895 TEX. REV. CIV. STAT. arts. 625, 4640; 1879 TEX. REV. CIV. STAT. arts. 549, 4332; GEORGE W. PASCHAL, A DIGEST OF THE LAWS OF TEXAS arts. 997, 4988 (2d ed. 1870).

of the debtor in the county where the judgment is properly recorded."). Thus, it would appear that because the Property was uncontestedly Johnson's homestead at the time he conveyed the one-half interest, PTI took free and clear of Longley and Moore's lien.

Longley and Moore claim, however, that Intertex, Inc. v. Kneisley, 837 S.W.2d 136 (Tex. App.--Houston [14th Dist.] 1992, writ denied), creates an exception to these general rules. Intertex holds explicitly that even in the case of homestead property, "the prior lienholder's interest will attach if there is a gap in between the time of alienation of the homestead and the recordation of the subsequent purchaser's interest." Id. at 138. We conclude that Intertex does not correctly state Texas law. First, Intertex has no support in precedent. Although it cites Hoffman v. Love, 494 S.W.2d 591, 594 (Tex. Civ. App.-- Dallas 1973, writ ref'd n.r.e.), as the source of its holding that judgment liens attach to homestead property during a gap between the conveyance of the homestead and the recordation of the deed, Hoffman states only that "a judgment lien attaches to the judgment debtor's interest if he abandons the property as his homestead before he sells it," id., and in fact explicitly holds that "[n]o lien attaches until [the debtor] abandons [the property] as his homestead, and if he does not abandon it before he sells it, his conveyance is free of the judgment lien." Id. Thus, Intertex misreads Hoffman, unless we construe the debtor to

9

"abandon" the homestead when he deeds it to his grantee but not to "sell" it until the grantee records the deed, a proposition that is plainly untenable under Texas law.  See Thornton v. Rains, 299 S.W.2d 287, 288 (Tex. 1957) ("Of course the recording of a deed is not essential to the conveyance of title . . . .").  In this case, as Longley and Moore concede, Johnson's abandonment of his homestead was effected by his conveyance to PTI.  Johnson thus never abandoned his homestead until he sold it--indeed, the abandonment was simultaneous with the sale--and under Hoffman, his conveyance is free of Longley and Moore's judgment lien.

Nor have we been able to find any other authority for Intertex's holding.  Although Eagle Lumber Co. v. Trainham, 365 S.W.2d 702, 704 (Tex. Civ. App.--San Antonio 1963, writ ref'd n.r.e.), appears at first glance to support Intertex, it is in fact ambiguous at best.  In Eagle Lumber, the landowner filed a divorce petition alleging that he would convey all his interest in the couple's homestead to his wife.  See id. at 703-04.  Subsequently, he executed a deed and delivered it to his attorney, notifying his wife's counsel that the attorney was authorized to deliver the deed when the divorce was granted.  See id. at 704.  The divorce decree stated simply that "[t]he Court further finds that the parties hereto have settled their community property rights," without making any mention of a property settlement agreement.  Id.  The wife did not record her deed until six days after the divorce decree was entered.  See

10

id. The court held that the grantor abandoned the homestead upon entry of the divorce decree, at which point the prior judgment lien attached. See id. Longley and Moore contend that the abandonment and conveyance of the homestead in Eagle Lumber occurred on the same day--that is, when the divorce decree was entered, the husband's attorney became authorized to deliver the deed--and that the court could only have found that the judgment lien attached by finding that the delay in recording the deed allowed the lien to attach. But this argument ignores the fact that the parties necessarily abandoned the homestead before it was conveyed to the wife, because the attorney was not authorized to deliver the deed until after the divorce decree, which effected the abandonment, was entered. The court unequivocally held that the decree constituted an abandonment but not a conveyance of the homestead. See id. Thus, the property ceased to be homestead when the divorce decree was entered, at which point the judgment lien attached, and then it was conveyed to the wife. Moreover, the opinion does not address the effect of the delay in recordation. Under these circumstances, we cannot say that Eagle Lumber provides any support for Intertex. Longley and Moore's claim that Intertex has been accepted by Texas courts is similarly without merit. Only three cases to date have cited Intertex, and they do so only in dicta or for some proposition other than the one at issue in this case. See Olivarez, 29 F.3d at 207 (citing Intertex for the rule that a homestead property

11

loses its homestead protection upon the death of the claimants, abandonment, or alienation); Sanchez v. Telles, 960 S.W.2d 762, 770 (Tex. App.--El Paso 1997, writ denied) (citing Intertex in dicta); Lawrence v. Lawrence, 911 S.W.2d 450, 452-53 (Tex. App.--Texarkana 1995, writ denied) (citing Intertex in dicta).

Intertex runs counter to the overwhelming weight of Texas law, which evinces a strong preference for insulating homesteads from judgment liens.  Indeed, Intertex altogether negates the long line of Texas cases that vindicate the Texas constitution's homestead protection by holding that grantors can transfer valid homestead property free and clear of judgment liens.  Under the Intertex rule, judgment liens would always attach upon the transfer of homestead property, because there is inevitably a gap, however brief, between the alienation of the homestead and the recordation of the deed.  Although Longley and Moore argue that the use of an escrow account would close the gap, the signing of the deed and its recordation can never be simultaneous, for the simple reason that there is nothing to record until the homestead is sold.  Intertex thus guts the Texas constitution's directive that "[n]o . . . lien on the homestead shall ever be valid," TEX. CONST. art. XVI § 50.

Because Intertex, a decision of a state intermediate court, has no support in precedent and contravenes the state constitution and a vast number of established cases, we are convinced that it cannot be Texas law.  In this case, there was

12

no genuine issue as to any material fact, and PTI was entitled to a judgment as a matter of law because in Texas, a grantor can convey his homestead free and clear of existing judgment liens if he does not abandon the homestead prior to the conveyance.  The district court was therefore correct to grant PTI's motion for summary judgment and deny that of Longley and Moore.

## IV.  CONCLUSION

For the reasons above, we AFFIRM the judgment of the district court.