**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 99-20660
(Summary Calendar)

_____

BYRON KEITH BLUE,

Plaintiff-Appellant,

versus

HARRIS COUNTY JUVENILE PROBATION
DEPARTMENT; LARRY SMITH, Individually
and in his official capacity as the
Superintendent of the Harris County
Juvenile Probation Department Delta-3
Boot Camp; ELMER BAILEY, Individually
and in his official capacity as the
Executive director of the Harris County
Juvenile Probation Department,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(98-CV-3623)

_____

**March 23, 2000**

Before POLITZ, WIENER, and EMILIO GARZA, Circuit Judges:

Per Curiam[*]

In this appeal, Plaintiff-Appellant Byron Keith Blue, a black

male, challenges the district court's grant of summary judgment to

Defendants-Appellees Harris County Juvenile Probation Department,

Larry Smith (Superintendent), and Elmer Bailey (Executive Director)

(collectively, "Defendants") on his Title VII[1] discriminatory

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[1] 28 U.S.C. § 2000e, et seq.

1

discharge claim. He also challenges the district court's denial of his motion for a continuance.

We review the district court's grant of summary judgment <u>de novo</u>, applying the same standard as that court.[2] We review the denial of a motion for a continuance for abuse of discretion.[3]

Blue was employed for nine years by Harris County Juvenile Probation Department. He was working as a shift supervisor on the night of the suicide of a juvenile detainee, the incident that preceded his firing. It is undisputed that (1) part of Blue's responsibilities during the shift that night were to perform quarter-hourly checks on the detainee who died, (2) at the start of the shift, Blue initialed all the spaces on the unit surveillance form so that it would appear that he had performed the checks as scheduled, (3) after the suicide was discovered, he removed the completely pre-initialed form and replaced it with a different one, filling in his initials only up to the time the death was discovered, (4) he admitted to Houston Police Department investigators that he had replaced the form, explaining that because of his busy schedule, he sometimes completed the surveillance form in advance, (5) he was terminated from employment the day he gave his statement to the police, and (6) subsequently, he was convicted under state law of the felony offense of tampering with/fabricating physical evidence.

---

[2] <u>United States v. Johnson</u>, 160 F.3d 1061, 1062 (5th Cir. 1998).

[3] <u>Dorsey v. Scott Wetzel Services, Inc.</u>, 84 F.3d 170, 171 (5th Cir. 1996).

Blue nevertheless contends that his termination was racially motivated in violation of Title VII because other Harris County Juvenile Probation Department employees who engaged in similarly egregious treatment and negligent supervision of detainees were not fired. In particular, Blue contends that a non-minority employee who admitted to destroying documents on the night of the incident was neither reprimanded nor terminated. Blue proffered no evidence in support of his allegations of analogous misconduct or admissions by other employees on the night of the suicide or at other times.

The district court, in an oral ruling, granted summary judgment to Defendants on the ground that Blue failed to establish a prima facie case of employment discrimination on the basis of race.[4] The district court determined that the fourth element of the plaintiff's prima facie case for discriminatory discharge required him to show that his former position was filed by a non-minority; he failed to do so, as a black male was hired to replace him.

We have held, however, that the fourth element may also be established by showing that the plaintiff was terminated and that others not in the plaintiff's protected class, "having comparable

---

[4] To establish a prima facie case, a plaintiff must show that (1) he was a member of the protected class, (2) he was qualified for the job, (3) he was terminated, and (4) after his termination, the employer filled the position with a worker not in the protected class. Whiting v. Jackson State University, 616 F.2d 116, 120-21 (5th Cir. 1980) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)); see also Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); Weaver v. Casa Gallardo, Inc., 922 F.2d 1515, 1525 (11th Cir. 1991).

3

or lesser qualifications,"[5] were retained, or that the plaintiff suffered differential application of work or disciplinary rules.[6] Blue, accordingly, made allegations which, if supported, could have made out a prima facie case, contrary to the district court's ruling. We nevertheless affirm, albeit on different grounds, as Blue failed to produce any evidence of his allegations that comparably delinquent employees were retained.

Apparently aware of the fatal lack of proof for his claim, Blue filed -- a few days after Defendants filed their motion for summary judgment -- a Rule 56(f) motion for continuance, seeking additional time to conduct discovery. The district court denied the motion. Blue also appeals that order.

Rule 56(f) provides that the court may order a continuance to allow time for the party opposing a motion for summary judgment to obtain affidavits essential to justify the party's position. A party requesting a continuance for that reason must submit an affidavit to the court stating why the relevant summary judgment evidence could not timely be obtained.[7]

Blue contends that he was in the process of contacting witnesses, reviewing Defendants' responses to discovery, and reviewing documents and videotapes prior to the time his response to Defendants' motion for summary judgment -- which they filed on

---

[5] Whiting, 616 F.2d at 121.

[6] See id.; Weaver, 922 F.2d at 1525.

[7] Paul Kadair, Inc. v. Sony Corp. of America, 694 F.2d 1017 (5th Cir. 1983).

4

order of the court -- was due.  In his reply brief, Blue also indicates that, as a named defendant to a lawsuit by the deceased juvenile's parents, he had become aware of evidence that would support his Title VII claim.  Defendants urge, however, that Blue (1) did not file an affidavit with his motion for a continuance explaining why discovery was delayed and (2) did not even <u>request</u> discovery from Defendants until <u>after</u> their motion for summary judgment was filed.

We conclude that the district court did not abuse its discretion in denying Blue's motion for a continuance, as he did not file an affidavit as required by Rule 56(f), explaining his need for additional time for discovery.  Lacking any evidence to support his allegations of discriminatory discharge, Blue could not survive summary judgment, and the district court properly dismissed his Title VII claim.

AFFIRMED